678 S.E.2d 296 (2009)
STATE of West Virginia ex rel. OFFICE OF DISCIPLINARY COUNSEL, Petitioner
v.
Joan A. MOONEY, a member of The West Virginia State Bar, Respondent.
No. 34592.
Supreme Court of Appeals of West Virginia.
Submitted February 3, 2009.
Decided February 27, 2009.
*297 Rachael L. Fletcher Cipoletti Office of Disciplinary Counsel Charleston, WV, for Petitioner.
Joan A. Mooney, Pro Se.
PER CURIAM.[1]
This matter was presented pursuant to a rule to show cause issued by this Court on November 12, 2008, against Respondent Joan A. Mooney, a member of the West Virginia State Bar,[2] upon a petition filed by the Office of Disciplinary Counsel ("ODC"). The rule directed Respondent to show cause why she should not be held in contempt of a previous order entered by this Court in a lawyer disciplinary matter. In that order, entered May 22, 2008, Respondent received an admonishment and was ordered, in relevant part, to sign and follow a plan of supervised practice for one year with a supervising attorney of Respondent's choice approved by the ODC; to undergo psychological counseling, follow a recommended treatment plan and provide evidence of same to the ODC; to complete an additional six hours of Continuing Legal Education, over and above that already required, during the 2006-08 reporting period; and to pay the costs incurred in the disciplinary proceeding.
For the reasons discussed below, we find Respondent to be in contempt of this Court's May 22, 2008, order and, accordingly, immediately suspend her license to practice law in this State until such time as she is in full compliance therewith.

I. Factual and Procedural Background

Underlying disciplinary matter
The underlying disciplinary proceeding stemmed from Respondent's representation of a client in a claim for disability benefits against an insurance company.[3] Respondent was found to have violated Rule 1.3 of the Rules of Professional Conduct ("Diligence") for failure to diligently pursue a matter for which she was retained; failure to promptly forward discovery documents and requests to the client and her husband in that same matter; and failure to timely consult with that client and her husband regarding the matter. See Report of the Hearing Panel Subcommittee, filed March 12, 2008. Respondent also violated Rule 1.4(a) and (b) of the Rules of Professional Conduct ("Communication") because she failed to keep the client and her husband reasonably informed about the status of the client's case; failed to properly comply with reasonable requests for information; and failed to explain matters to the client and her husband to the extent reasonably necessary to permit them to make informed decisions regarding the representation. Id.
Additionally, Respondent was found to have violated Rule 8.1(b) of the Rules of Professional Conduct ("Bar admission and disciplinary matters") because she failed to respond to three separate requests for information made by the ODC regarding the foregoing ethics complaint and further, failed to comply with a subpoena to appear before the ODC for a sworn statement on a date designated by the ODC.[4]Id.
*298 In an order entered May 22, 2008, this Court ordered that Respondent be admonished and, in relevant part, that (1) Respondent sign and follow a plan of supervised practice for a period of one year with a supervising attorney of Respondent's choice approved by the ODC; (2) Respondent undergo comprehensive psychological counseling with a licensed psychologist, follow the psychologist's recommended treatment plan and provide evidence thereof to the ODC; (3) Respondent complete an additional six hours of Continuing Legal Education, over and above that already required, during the 2006-08 reporting period; and (4) Respondent pay $2,279.96, the costs incurred in the disciplinary proceeding.[5]

Rule to Show Cause
On October 17, 2008, the ODC filed with this Court a petition for a rule to show cause, requesting that Respondent be directed to show why she should not be held in contempt of the May 22, 2008, order. In support of its petition, the ODC asserted the following: that on or about July 8, 2008, it sent to Respondent a letter indicating she was required to nominate a supervising attorney for the ODC's approval. Enclosed with the letter was a draft supervision agreement. The July 8, 2008, letter also requested that Respondent identify her treating mental health professional. Enclosed therewith was a medical release form to be signed by Respondent, giving the ODC authorization to obtain reports from her mental health professional. Finally, the July 8, 2008, letter directed Respondent to provide evidence that she completed six additional Continuing Legal Education hours and to remit the costs of the disciplinary proceeding, in the amount of $2,279.96. All of the foregoing requests by the ODC were originally ordered in the May 22, 2008, order of this Court. According to the ODC, Respondent did not respond to its July 8, 2008, letter.
The ODC further alleged that on or about August 15, 2008, it sent a second letter to Respondent, enclosing therewith a copy of the July 8, 2008, letter, with attachments, and directing Respondent to respond within ten days. The ODC alleged that Respondent did not respond to its August 15, 2008, letter.
The petition for rule to show cause further stated that, in the meantime, on May 12, 2008, a second ethics complaint was filed against Respondent in a matter unrelated to the first ethics complaint. On May 21, 2008, the ODC sent to Respondent a letter directing her to file a response to the complaint within twenty days. Respondent did not file a response to the complaint. Thereafter, on June 18, 2008, the ODC mailed to Respondent a certified letter directing her to file a response to the complaint on or before June 30, 2008. The June 18, 2008, certified letter was returned as "unclaimed." A second certified letter from the ODC to Respondent directing her to file a response to the complaint was mailed on August 18, 2008. That certified letter was also returned as "unclaimed."
Respondent did not file a response to the ODC's petition for rule to show cause.
On November 12, 2008, this Court granted the ODC's petition for rule to show cause and directed Respondent to show cause why she should not be held in contempt of this Court's order of May 22, 2008. This Court further ordered that a rule be issued and directed against Respondent returnable before this Court on Tuesday, February 3, 2009. Respondent failed to appear at the February 3, 2009, hearing before this Court.

II. Standard for Imposition of Discipline
This matter requires that we exercise our authority to impose discipline upon Respondent for failure to comply with a prior order of this Court. It is well-settled that "`[w]hen this Court acts within its jurisdiction, its orders shall be promptly obeyed, or contempt is a proper sanction.' Syl. Pt. 1, United Mine Workers of America v. Faerber, 179 W.Va. 73, 365 S.E.2d 353 (1986)." Syl. Pt. 1, Office of Lawyer Disciplinary Counsel v. Cunningham, 200 W.Va. 339, 489 S.E.2d *299 496 (1997). See Syl. Pt. 4, State ex rel. Walker v. Giardina, 170 W.Va. 483, 294 S.E.2d 900 (1982) ("This Court possesses the power to punish a party for contempt of an order executed by this Court."). Furthermore, "[t]his Court is the final arbiter of legal ethics problems and must make the ultimate decisions about public reprimands, suspensions or annulments of attorneys' licenses to practice law." Syl. Pt. 3, Committee on Legal Ethics v. Blair, 174 W.Va. 494, 327 S.E.2d 671 (1984). Accordingly, this Court must determine whether Respondent should be held in contempt of our May 22, 2008, order, and if we so find, we must then determine the appropriate sanction.

III. Discussion
When initially presented with Respondent's underlying misconduct and resulting violations of the Rules of Professional Conduct, the Hearing Panel Subcommittee recommended, inter alia, that Respondent receive a reprimand and several sanctions, which, as indicated above, required Respondent to undergo psychological counseling; to meet with a supervising attorney; to complete additional continuing legal education hours; and to pay the costs of the disciplinary proceeding.
In ordering an admonishment rather than a reprimand, a harsher sanction, this Court acknowledged, and indeed was sympathetic to, the fact that Respondent's misconduct included a psychological component. Moreover, in the May 22, 2008, order, Respondent was specifically directed, inter alia, to "undergo comprehensive psychological counseling with a licensed psychologist and specifically discuss this ethics complaint and the ensuing charges, [Respondent's] standard for client care, and the fact that she did not respond to the [ODC]." As previously noted, Respondent was also required to follow a recommended treatment plan and to provide evidence thereof to the ODC.
Additionally, the May 22, 2008, order directed Respondent to select a supervising attorney (to be approved by the ODC) and expressly required that the "initial interview with the respondent and supervising attorney shall focus on office practices, calendaring, scheduling, a `tickler' system, mail handling, returning telephone calls and advising clients of the status of cases. The respondent and her supervising attorney shall thereafter meet once a week and submit monthly reports to the [ODC], regarding, among other things, the status of all legal matters the respondent has undertaken[.]"
This Court takes seriously the requirements set forth in the May 22, 2008, order, recognizing that the public places an enormous amount of trust in its lawyers. Furthermore, we do not take lightly our charge of insuring "that the public's interests are protected and that the integrity of the legal profession is maintained." Office of Disciplinary Counsel v. Albers, 214 W.Va. 11, 13, 585 S.E.2d 11, 13 (2003). See also Lawyer Disciplinary Bd. v. Battistelli, 206 W.Va. 197, 201, 523 S.E.2d 257, 261 (1999) ("`[a]ttorney disciplinary proceedings are not designed solely to punish the attorney, but rather to protect the public, to reassure it as to the reliability and integrity of attorneys and to safeguard its interest in the administration of justice.' Lawyer Disciplinary Bd. v. Taylor, 192 W.Va. 139, 144, 451 S.E.2d 440, 445 (1994).")
After the ODC sent two letters to Respondent attempting to facilitate compliance with the May 22, 2008, order, Respondent failed to reply or to otherwise indicate to the ODC that she was making efforts to comply with the order. To date, Respondent has not communicated with the ODC regarding compliance with the Court's order. Respondent also failed to appear before this Court at the February 3, 2008, hearing, even though the fate of her professional career was then to be adjudicated.
In past cases, this Court has emphasized that it views "compliance with its orders relating to the practice of law to be among a lawyer's highest professional responsibilities[.]" Committee on Legal Ethics v. Farber, 191 W.Va. 667, 669, 447 S.E.2d 602, 604 (1994). Indeed, as previously indicated, we are authorized "to punish a party for contempt of an order executed by this Court." Syl. Pt. 4, in part, Giardina, 170 W.Va. at 484, 294 S.E.2d at 901. Furthermore, *300 "[i]n deciding on the appropriate disciplinary action for ethical violations, this Court must consider not only what steps would appropriately punish the respondent attorney, but also whether the discipline imposed is adequate to serve as an effective deterrent to other members of the Bar and at the same time restore public confidence in the ethical standards of the legal profession." Syl. Pt. 3, Committee on Legal Ethics v. Walker, 178 W.Va. 150, 358 S.E.2d 234 (1987).
It is abundantly clear that Respondent completely failed to comply with the directives set forth in the May 22, 2008, order of this Court. As further evidence of her utter disregard for this Court's authority, she neither responded to the petition for rule to show cause, nor appeared at the February 3, 2009, hearing. We find Respondent to be in contempt of the May 22, 2008, order. Furthermore, we hold that the appropriate sanction in this case is immediate suspension of Respondent's license to practice law in West Virginia until such time as she fully complies with that order.

IV. Conclusion
Based upon the foregoing, we find Respondent to be in contempt of this Court's order entered May 22, 2008, and order her license to practice law in the State of West Virginia immediately and indefinitely suspended until such time as she can demonstrate full compliance with this Court's order of May 22, 2008.[6] The mandate of this Court shall issue contemporaneously herewith.
Finally, we note that on February 9, 2009, the ODC filed with this Court a Motion Seeking Immediate Appointment of an Attorney as Trustee to Inventory Files of a Lawyer Pursuant to Rule 3.29 of the Rules of Lawyer Disciplinary Procedure.[7] We find that the facts of this case warrant the granting of the ODC's motion. Accordingly, the Chief Judge of the Circuit Court of Monongalia County is hereby authorized to appoint a lawyer or lawyers to inventory the client files of Respondent and "to take such action as seems indicated to protect the interests" of the Respondent and her clients, as provided by Rule 3.29 of the Rules of Lawyer Disciplinary Procedure.
License Suspended.
Justice ALBRIGHT not participating.
Senior Status Justice McHUGH sitting by temporary assignment.
NOTES
[1] Pursuant to administrative orders entered September 11, 2008, and January 1, 2009, the Honorable Thomas E. McHugh, Senior Status Justice, was assigned to sit as a member of the Supreme Court of Appeals of West Virginia commencing September 12, 2008, and continuing until the Chief Justice determines that assistance is no longer necessary, in light of the illness of Justice Joseph P. Albright.
[2] Respondent was admitted to the practice of law in West Virginia in 1983.
[3] During the course of Respondent's representation of her client in that claim, the client was in ill-health. The client's husband corresponded with Respondent on his wife's behalf. It was the client's husband who filed the underlying ethics complaint with the ODC.
[4] According to the Report of Hearing Panel Subcommittee, the formal Statement of Charges against Respondent was filed on September 17, 2007. Respondent did not file an answer to the charges. However, during the December 17, 2007 prehearing, Respondent appeared and admitted to the Statement of Charges. The Hearing Panel Subcommittee accepted Respondent's admissions on the record. A hearing on the Statement of Charges was conducted on January 29, 2008, before the Hearing Panel Subcommittee of the Lawyer Disciplinary Board. Respondent appeared pro se.
[5] The Hearing Panel Subcommittee had recommended that Respondent receive a reprimand, as well as the other sanctions described above. In lieu of a reprimand, this Court ordered that Respondent receive an admonishment; the Court otherwise adopted the other recommended sanctions.
[6] Sometime after the petition for rule to show cause was filed with this Court, Respondent's license to practice law was suspended by the West Virginia State Bar for administrative reasons which are unrelated to the instant matter. In the event the administrative suspension is lifted, it would have no impact on this Court's holding in the case now before us. In other words, pursuant to this opinion, Respondent's law license shall remain suspended until such time as she fully complies with the May 22, 2008, order of this Court. Likewise, if and when Respondent fully complies with the May 22, 2008, order of this Court and her license to practice law is no longer suspended on that basis, it would have no impact on the administrative suspension of her law license.
[7] Rule 3.29 of the Rules of Lawyer Disciplinary Procedure states, in part, that:

When a lawyer has disappeared, died, or has abandoned his or her law office or practice or has been suspended or disbarred and . . . no partner, executor, or other responsible party capable of conducting the lawyer's affairs is known to exist, the Supreme Court of Appeals, upon written request by Disciplinary Counsel, may authorize the chief judge in the circuit in which the lawyer maintained his or her practice, to appoint a lawyer or lawyers to inventory the files of the disappeared, deceased, abandoning, suspended, or disbarred lawyer and to take such action as seems indicated to protect the interests of the lawyer and the lawyer's clients. Any lawyer so appointed shall not be permitted to disclose any information contained in any files so inventoried without the consent of the client to whom such file relates, except as necessary to carry out the order of the court which appointed the lawyer to make such an inventory.