690 S.E.2d 113

**STATE of West Virginia ex rel, OFFICE OF DISCIPLINARY COUNSEL, Petitioner**

v.

**Joseph P. ALBRIGHT, Jr., a Member of the West Virginia State Bar, Respondent.**

No. 34973.

Supreme Court of Appeals of West Virginia.

Submitted Sept. 23, 2009.

Decided Nov. 25, 2009.

---

George Chandler, Law Office of George Y. Chandler, II, Parkersburg, WV.

Rachael L. Fletcher Cipoletti, Office of Disciplinary Counsel, Charleston, WV.

PER CURIAM:

This matter was presented pursuant to a rule to show cause issued by this Court on June 3, 2009, against Respondent Joseph P. Albright, Jr., a member of the West Virginia State Bar, upon a petition filed by the Office of Disciplinary Counsel ("ODC"). The rule directed Respondent to show cause why he should not be held in contempt of a previous order entered by this Court in a lawyer

disciplinary matter. In that order, entered January 10, 2007, Respondent received a public reprimand for his violations of Rules 1.3 and 1.4(a) of the Rules of Professional Conduct, as set forth in Count I of the Report of the Hearing Panel Subcommittee ("Hearing Panel Report") of November 21, 2006, as well as for his violation of Rule 8.1(b), as set forth in Counts II, IV and VI. Respondent was also ordered to pay the costs of the underlying disciplinary proceeding; to complete the matter involving the estate of Clyde Curtis Carter, which was the subject of Counts I and II of the disciplinary proceeding; and to provide a status report to the ODC every three months until such time as Respondent concludes the estate of Mr. Carter.

For the reasons discussed below, we find Respondent to be in contempt of this Court's January 10, 2007, order, and, accordingly, order that his license to practice law in this State be suspended. We further order that the suspension of Respondent's law license shall be stayed for 120 days so that the estate matter may be finally resolved. On or before the end of 120 days, Respondent is ordered to demonstrate to this Court that the estate matter has been fully and finally resolved. If the estate matter has been fully and finally resolved, the suspension of Respondent's law license will not go into effect. However, if the estate matter has *not* been fully and finally resolved, the stay will automatically be lifted and Respondent's law license shall be suspended. Because we recognize that final resolution of the estate matter will require a ruling from the County Commission of Wood County—over whose time frame Respondent has no control—we further order that if, for any reason, the matter is not concluded within 120 days, Respondent shall file with this Court a report setting forth in detail the reasons therefor. At that time, this Court will take such action with regard to Respondent's law license as is deemed appropriate under the circumstances.

### I. Factual and Procedural Background

#### Underlying disciplinary matter

The facts of the underlying disciplinary proceeding relevant to the subject rule to show cause involved Respondent's handling of the estate of Clyde Curtis Carter, who died in 1985. According to the Hearing Panel Report, in or about early 2003, Respondent became counsel for Rita Ramsey, one of the beneficiaries of the estate. In or about April 2003, Respondent prepared a petition to be appointed Administrator, *de bonis non, cum testamento annexo* (d.b.n.c.t.a.), in order to complete the estate.[1] The Hearing Panel Report indicated that Respondent attempted to file with the County Commission of Wood County the petition to be appointed administrator d.b.n.c.t.a., but the county commission refused to accept the petition without a resignation from the former administrator.

Meanwhile, for over a year, both Mrs. Ramsey and her husband, who were living in Florida, attempted many times to contact Respondent regarding the status of the estate. Although they left numerous telephone messages for him, Respondent failed to return their telephone calls or to otherwise respond to their inquiries. Finally, but not until after the Statement of Charges was filed in this case, Respondent completed the necessary steps to become administrator of the estate.

The Hearing Panel found, as set forth in Count I of the Statement of Charges, that "[b]y failing to respond to the numerous inquiries of his client and her husband, Respondent violated Rule 1.4(a) of the Rules of Professional Conduct"[2] and "[b]ecause he did not take the action necessary to complete his administration as administrator

---

1. On or about July 19, 1999, Respondent's father, Joseph P. Albright, Sr., was appointed Administrator d.b.n.c.t.a. Upon his election to this Court in 2000, Justice Albright was no longer able to serve as Administrator d.b.n.c.t.a. Thus, appointment of a new Administrator d.b.n.c.t.a. became necessary.

2. Rule 1.4(a) of the Rules of Professional Conduct, "Communication," provides that "[a] lawyer shall keep a client reasonably informed about the status of a matter and promptly comply with reasonable requests for information."

d.b.n.c.t.a. until a Statement of Charges was filed, the Respondent violated Rule 1.3[.]"[3]

In an order entered January 10, 2007, this Court ordered that Respondent be publicly reprimanded and, in relevant part, that Respondent shall "complete the matter for Mrs. Ramsey and shall provide a status report to the [ODC] every three months following this Court's ruling on this matter until such time as he concludes Mrs. Ramsey's matter."

### Rule to Show Cause

On April 16, 2009, the ODC filed with this Court a Petition for Rule to Show Cause, requesting that Respondent be directed to show why he should not be held in contempt of the January 10, 2007, order. In support of its petition, the ODC asserted, *inter alia*, the following: On or about April 10, 2007, Respondent submitted to the ODC a status report of the estate matter (as required by this Court's January 10, 2007, order) indicating that he had drafted an action for declaratory judgment to be filed in the Circuit Court of Wood County, West Virginia, which would (1) seek to declare to whom the funds held by the Fiduciary Commissioner should be distributed and (2) seek to have a report filed by the Fiduciary Commissioner. Respondent forwarded the foregoing documents to Mrs. Ramsey in Florida for her review and verification; however, they were mailed to the wrong address. In a July 20, 2007, letter to the ODC, Respondent explained the mailing error.[4] Respondent also enclosed with the July 20, 2007, letter to the ODC a copy of a letter he had written to Mrs. Ramsey (mailed to her correct address) in which he explained to her the previous mailing error and to which he attached a Petition to Compel Distribution of Funds by Fiduciary Commissioner and Petition for Declaratory Judgment.

The foregoing declaratory judgment petition was verified by Mrs. Ramsey and returned to Respondent on or about July 30, 2007. Enclosed with the returned document was correspondence from Mrs. Ramsey to Respondent which included several comments to which she clearly expected a reply from Respondent. When Respondent failed to reply, Mrs. Ramsey notified the ODC.

Thereafter, according to the Petition for Rule to Show Cause, Respondent's counsel, Sherri Goodman, Esq., corresponded periodically with the ODC with brief "updates" on the estate matter. On one occasion, Respondent himself forwarded to the ODC, by facsimile, copies of notices of hearing concerning the Petition to Compel Distribution of Funds by Fiduciary Commissioner and Petition for Order Distributing Proceeds of Checking Account. The notices indicated a hearing would be conducted before the Wood County Commission on November 8, 2007.

By email correspondence of January 25, 2008, from Respondent's counsel to the ODC, Respondent's counsel indicated that "Respondent clarified that he has done everything he needs to do; he is awaiting a written decision by the fiduciary commissioner[.]"

Despite the foregoing representation that the estate matter was close to resolution, the ODC eventually learned that the proposed order Respondent presented to the county commission in November 2007, which would have granted the foregoing petitions to compel distribution of funds and to distribute checking account proceeds was, in fact, rejected as submitted. According to a June 12, 2008, letter from the county commission to Respondent, at the time the order was submitted, it was rejected as proposed and Respondent was asked to submit a corrected order. As of the date of the June 12, 2008, letter, a corrected order had not been received by the county commission. The county commission's June 12, 2008, letter to Respondent further indicated that "this estate has been open since January 6, 1986; we are asking that a full and complete accounting be submitted to the Wood County Commission

**3.** Rule 1.3 of the Rules of Professional Conduct, "Diligence," provides that "[a] lawyer shall act with reasonable diligence and promptness in representing a client."

**4.** Indeed, according to the Petition for Rule to Show Cause, by letter of July 3, 2007, Mrs. Ramsey notified the ODC that the estate matter had not yet been resolved and that she "ha[d] not been notified by [Respondent] or his office of any progress he has made towards completing the case."

showing all assets and disbursements from the estate from January 6, 1986 to the present." Respondent was asked to respond by June 26, 2008.

Thereafter, in a September 18, 2008, letter to Respondent, the county commission wrote "that on July 29, 2008, $2,406.32 was transferred to your accounts regarding the above mentioned estate [i.e., the estate of Clyde Carter]." According to the September 18, 2008, letter, Respondent had failed to submit an accounting of the estate, as previously requested. Consequently, the county commission renewed its request that Respondent provide an accounting of all funds associated with the estate.

Meanwhile, Respondent failed to submit any additional status reports to the ODC as required by the January 10, 2007, order of this Court, or to otherwise directly communicate with that office. Furthermore, Respondent's counsel experienced great difficulty in communicating with her client during the several months preceding the filing of the Petition for Rule to Show Cause. Indeed, on June 2, 2009, Respondent's counsel filed with this Court a motion to withdraw as counsel, on the ground that, despite her efforts, Respondent "has repeatedly failed to communicate with her." According to the motion, counsel's last conversation with Respondent was in September of 2008. By order entered June 3, 2009, this Court granted the motion to withdraw.[5]

As indicated above, the Petition for Rule to Show Cause was filed with this Court on April 16, 2009. On June 3, 2009, this Court granted the ODC's petition and directed Respondent to show cause why he should not be held in contempt of this Court's order of January 10, 2007. This Court further ordered that a rule be issued and directed against Respondent returnable before this Court on Wednesday, September 23, 2009. Although Respondent did not file a written response to the rule, he appeared with counsel, George Chandler, at the September 23, 2009, hearing.

## II. Standard for Imposition of Discipline

This matter requires that we exercise our authority to impose discipline upon Respondent for failure to comply with a prior order of this Court. We have previously declared that " '[w]hen this Court acts within its jurisdiction, its orders shall be promptly obeyed, or contempt is a proper sanction.' Syl. Pt. 1, *United Mine Workers of America v. Faerber*, 179 W.Va. 73, 365 S.E.2d 353 (1986)." Syl. Pt. 1, *Office of Lawyer Disciplinary Counsel v. Cunningham*, 200 W.Va. 339, 340, 489 S.E.2d 496, 497 (1997). *See* syl. Pt. 4, *State ex rel. Walker v. Giardina*, 170 W.Va. 483, 484, 294 S.E.2d 900, 901 (1982) ("This Court possesses the power to punish a party for contempt of an order executed by this Court.") Moreover, "[t]his Court is the final arbiter of legal ethics problems and must make the ultimate decisions about public reprimands, suspensions or annulments of attorneys' licenses to practice law." Syl. Pt. 3, *Committee on Legal Ethics v. Blair*, 174 W.Va. 494, 495, 327 S.E.2d 671, 672 (1984). Thus, this Court must determine whether Respondent should be held in contempt of our January 10, 2007, order, and if we so find, we must then determine the appropriate sanction.

## III. Discussion

The dual task of this Court is to determine whether Respondent should be held in contempt of this Court's January 10, 2007, order and, if we find that he is in contempt, we must determine the nature of the discipline that should be imposed. As described above, in our January 10, 2007, order, we directed Respondent to complete the matter of Mr. Carter's estate and to provide a status report to the ODC every three months until such time as the estate matter is concluded.

This Court takes seriously the requirements set forth in its January 10, 2007, order. Furthermore, we are well aware that the public places an enormous amount of trust in its lawyers and thus, we do not take lightly our charge of insuring "that the pub-

5. In addition to the motion to withdraw, Respondent's counsel also requested, *inter alia*, an extension of time for Respondent to respond to the petition for rule to show cause. This Court refused the motion for extension of time.

lic's interests are protected and that the integrity of the legal profession is maintained." *State ex rel. Office of Disciplinary Counsel v. Mooney,* 223 W.Va. 563, 678 S.E.2d 296 (2009); *Office of Lawyer Disciplinary Counsel v. Albers,* 214 W.Va. 11, 13, 585 S.E.2d 11, 13 (2003). *See also Lawyer Disciplinary Bd. v. Battistelli,* 206 W.Va. 197, 201, 523 S.E.2d 257, 261 (1999) (" '[a]ttorney disciplinary proceedings are not designed solely to punish the attorney, but rather to protect the public, to reassure it as to the reliability and integrity of attorneys and to safeguard its interest in the administration of justice.' *Lawyer Disciplinary Bd. v. Taylor,* 192 W.Va. 139, 144, 451 S.E.2d 440, 445 (1994).")

According to the Petition for Rule to Show Cause, during the period immediately following this Court's January 10, 2007, order, Respondent timely submitted two of the required status reports to the ODC and took steps to finally resolve the estate matter. In particular, Respondent submitted letters to the ODC on April 10, 2007, and July 20, 2007, in which he explained his intentions of filing certain documents with the county commission in an effort to conclude the estate matter. In November 2007, Respondent filed with the county commission a petition to compel distribution of funds and a petition for order distributing checking account proceeds, along with a proposed order granting same. However, when, in November 2007, the county commission rejected the proposed order as submitted and requested the submission of a corrected order, Respondent failed to file a corrected order.[6] Respondent also failed to file a status report which would have apprised the ODC of this information involving the status of Mr. Carter's estate. Thereafter, communication with the ODC was sporadic at best, and only by way of email to and from Respondent's counsel, Sherri Goodman.

 It is clear to this Court that Respondent failed to comply with the January 10, 2007, order of this Court and should be held in contempt thereof. As we have demonstrated in past cases, this Court views "compliance with its orders relating to the practice of law to be among a lawyer's highest professional responsibilities[.]" *Mooney,* 223 W.Va. at 566, 678 S.E.2d at 299; *Office of Disciplinary Counsel v. Niggemyer,* 221 W.Va. 59, 65, 650 S.E.2d 158, 164 (2007); *Committee on Legal Ethics v. Farber,* 191 W.Va. 667, 669, 447 S.E.2d 602, 604 (1994). Indeed, this Court is authorized "to punish a party for contempt of an order executed by this Court." Syl. Pt. 4, in part, *Giardina,* 170 W.Va. at 484, 294 S.E.2d at 901. Moreover, "[i]n deciding on the appropriate disciplinary action for ethical violations, this Court must consider not only what steps would appropriately punish the respondent attorney, but also whether the discipline imposed is adequate to serve as an effective deterrent to other members of the Bar and at the same time restore public confidence in the ethical standards of the legal profession." Syl. Pt. 3, *Committee on Legal Ethics v. Walker,* 178 W.Va. 150, 358 S.E.2d 234 (1987).

As discussed above, the primary issue in this case is Respondent's failure to comply with this Court's January 10, 2007, order. We are also mindful, however, of the fact that Mrs. Ramsey and the other beneficiaries have endured an unusually long road in awaiting the resolution of the estate. We are further aware that Respondent did not become involved in the case until 2003. However, the fact remains that the estate matter with which Respondent was entrusted to competently conclude remains without a resolution over twenty years after the death of Mrs. Ramsey's decedent. As Mrs. Ramsey and the other beneficiaries are clearly entitled to some closure after all of these years, this Court does not wish to delay the matter any longer.

---

6. On September 23, 2009, the date of the hearing before this Court on the rule to show cause, Respondent submitted to this Court a copy of Affidavit in Support of Final Settlement, which appear to have been filed with the County Commission of Wood County. The document represents that Respondent has "made a full and complete accounting, and having proposed the distribution of all of the assets of the estate received and having performed all of the duties incumbent upon him, prays for the approval of this or a modified plan of distribution to disburse all funds[.]"

Therefore, based upon the foregoing, we find that Respondent failed to comply with the directives of this Court set forth in the January 10, 2007, order, and, accordingly, we hold him in contempt of that order. We further hold that the appropriate sanction is to suspend his license to practice law in this State. However, because the underlying estate matter begs for an immediate resolution, we shall stay the suspension of Respondent's law license for 120 days so that the estate matter may be finally and conclusively resolved. On or before the end of 120 days, Respondent shall demonstrate to this Court that the estate matter has been fully and finally resolved. If the estate matter has been fully and finally resolved, the suspension of Respondent's law license will not go into effect. However, if the estate matter has *not* been fully and finally resolved, the stay will automatically be lifted and Respondent's law license shall be suspended. Because we also recognize that final resolution of the estate matter will require a ruling from the County Commission of Wood County—over whose time frame Respondent has no control—we order that if, for any reason, the matter is not concluded within 120 days, Respondent shall file with this Court a report setting forth in detail the reasons therefor. At that time, this Court will take such action with regard to Respondent's law license as is deemed appropriate under the circumstances.

## IV. Conclusion

For the reasons stated above, we find Respondent to be in contempt of this Court's order entered January 10, 2007, and order his license to practice law in the State of West Virginia suspended, with such suspension to be stayed for 120 days under the conditions as described more fully above.[7]

License Suspended; Suspension Stayed.

---

7. Recently, the Investigative Panel of the Lawyer Disciplinary Board found probable cause to formally charge Respondent with violations of the Rules of Professional Conduct in an unrelated matter. A Statement of Charges was issued on or about September 30, 2009. The Statement of Charges was filed with this Court on October 19, 2009.