706 S.E.2d 552

**LAWYER DISCIPLINARY BOARD, Petitioner**

v.

**Joseph P. ALBRIGHT, Jr., A Member of the West Virginia State Bar, Respondent.**

**No. 35282.**

Supreme Court of Appeals of West Virginia.

Submitted Jan. 19, 2011.

Decided Feb. 11, 2011.

Rachael L. Fletcher Cipoletti, Office of Disciplinary Counsel, Charleston, WV.

Joseph P. Albright, Jr., Parkersburg, WV, pro se.

PER CURIAM:

This lawyer disciplinary proceeding against Joseph P. Albright, Jr. (hereinafter referred to as "Mr. Albright"), is before this Court as a result of this Court's disagreement with the recommended disposition by the Hearing Panel Subcommittee (hereinafter referred to as the "HPS"). The original action was commenced by the Office of Disciplinary Counsel (hereinafter referred to as the "ODC") on behalf of the Lawyer Disciplinary Board (hereinafter referred to as the "Board"). The HPS determined that Mr. Albright had committed numerous violations

of the Rules of Professional Conduct and recommended that Mr. Albright be suspended from the practice of law for a period of three months, among other recommendations that will be more fully set forth in this opinion. Based upon the arguments before this Court,[1] the record designated for our consideration, and the pertinent authorities, we adopt the recommendations set forth by the HPS, with the exception of the three-month license suspension. Instead, we impose a one-year license suspension in addition to the other sanctions recommended by the HPS.

## I.

## FACTUAL AND PROCEDURAL HISTORY

Mr. Albright was admitted to practice law by the West Virginia State Bar in 1988 and his law practice has been concentrated in Parkersburg, West Virginia. This action is not the first proceeding before this Court involving the conduct of Mr. Albright. In the previous action, by order entered January 10, 2007, Mr. Albright was found to be in contempt for violating this Court's previous order in which this Court had publicly reprimanded Mr. Albright for violations of Rules 1.3, 1.4(a), and 8.1(b) of the West Virginia Rules of Professional Conduct. Mr. Albright was ordered to pay the costs of the underlying disciplinary proceeding, to complete a client's estate matters, and to provide a status report to the ODC every three months until such time as the estate issue was concluded. This Court found Mr. Albright to be in contempt of the January 10, 2007, order, and, accordingly, ordered a conditional suspension of his license to practice law. *See State ex rel. Office of Disciplinary Counsel v. Albright*, 225 W.Va. 105, 690 S.E.2d 113

(2009) (per curiam). The current allegations of misconduct are heretofore summarized with the Board's corresponding findings of misconduct.

### A. Count 1—Complaint of David K. Samuels

Mr. Samuels retained Mr. Albright to represent him in a custody matter on July 12, 2005; and Mr. Samuels paid a seven hundred fifty dollar retainer fee. On the day of a scheduled hearing in the matter, Mr. Samuels called Mr. Albright's office and was informed that Mr. Albright was unavailable, but that his law partner would be appearing on his behalf. Mr. Samuels's complaint alleged that the law partner omitted at least one important aspect of his case before the lower court as a result of the lack of time to prepare in Mr. Albright's absence. Subsequently, Mr. Samuels attempted to contact Mr. Albright on several occasions without success. Mr. Samuels retained new counsel who ultimately prepared and tendered an order to the lower court in April 2007. Mr. Albright agreed to provide an accounting of his use of the retainer fee to ODC; however, ODC never was provided the documentation.

As a result of the abovementioned conduct, the HPS found that Mr. Albright failed to adequately communicate with Mr. Samuels, and, thus, violated Rule 1.4(b) of the West Virginia Rules of Professional Conduct.[2] The HPS further determined that Mr. Albright failed to diligently pursue his client's interests and failed to tender a prepared order in the lower court despite being ordered to do so. For this behavior, Mr. Albright violated Rules 1.3[3] and 3.2[4] of the Rules of Professional Conduct. Finally, Mr. Albright was found to have violated Rule

---

**1.** Mr. Albright failed to file a brief for this Court's consideration. However, counsel for Mr. Albright appeared during oral argument. This Court, in the exercise of its discretion, allowed Mr. Albright's counsel to present orally despite Mr. Albright's failure to comport with Rule 19 of the Revised Rules of Appellate Procedure.

**2.** In relevant part, Rule 1.4(b) of the West Virginia Rules of Professional Conduct provides as follows:

(b) A lawyer shall explain a matter to the extent reasonably necessary to permit the client to

make informed decisions regarding the representation.

**3.** West Virginia Rule of Professional Conduct, Rule 1.3, provides that "[a] lawyer shall act with reasonable diligence and promptness in representing a client."

**4.** Rule 3.2 of the West Virginia Rules of Professional Conduct states that "[a] lawyer shall make reasonable efforts to expedite litigation consistent with the interest of the client."

8.1 [5] of the Rules of Professional Conduct for his failure to provide an accounting of his services to ODC.

### B. Count 2—Complaint of Richard F. Hart

Mr. Hart retained Mr. Albright's services on April 18, 2005, to represent his interests in a misdemeanor criminal charge. Mr. Albright received a two thousand dollar retainer fee. In July 2005, Mr. Hart further retained Mr. Albright to represent him in a condemnation civil case, and paid a retainer fee of $1,500.00. The allegations made by Mr. Hart included the failure of Mr. Albright to adequately communicate with him, failure to keep him informed of the status of his cases, and failure to diligently pursue the matters. Mr. Hart terminated his relationship with Mr. Albright and subsequently retained new counsel and requested a refund of his retainer fees from Mr. Albright. Mr. Albright did not respond to Mr. Hart's requests and, further, failed to provide documentation requested by ODC to itemize the services provided to Mr. Hart.

Because of the behavior detailed above, the HPS found that Mr. Albright failed to adequately communicate with Mr. Hart in violation of Rule 1.4(b) of the West Virginia Rules of Professional Conduct.[6] It was further determined that Mr. Albright failed to diligently pursue his client's interests, violating Rule 1.3 [7] of the Rules of Professional Conduct. Finally, Mr. Albright was found to have violated Rule 8.1 [8] of the Rules of Professional Conduct for his failure to provide an accounting of his services to ODC.

### C. Count 3—Complaint of Marlene and Mitchell Grondalski

Mr. and Mrs. Grondalski retained Mr. Albright to represent them in a civil matter. They allege that Mr. Albright failed to communicate with them, failed to diligently represent them, and failed to provide an itemized statement of his work on their case. Mr. Albright also failed to provide requested documentation to ODC regarding the itemization of his services. For his lack of response, the HPS found Mr. Albright in violation of Rule 8.1(b) of the West Virginia Rules of Professional Conduct.[9]

### D. Count 4—Complaint of Grant DeGarmo

Mr. DeGarmo alleged that Mr. Albright failed to diligently pursue an employment matter on his behalf and, further, that he failed to adequately communicate with him. Mr. Albright repeatedly failed to respond to ODC's requests for a response to the allegations. Therefore, the HPS found that Mr. Albright violated Rule 8.1(b) of the West Virginia Rules of Professional Conduct.[10]

### E. Count 5—Complaint of Jennifer A. Cooper

Ms. Cooper retained Mr. Albright to represent her in a custody matter in March 2008, for a retainer fee of twelve hundred dollars. Because of Ms. Cooper's inability to get responses from Mr. Albright, she filed her own petition in family .court in August 2008. In October 2008, Ms. Cooper hired a new attorney to represent her interests. Ms. Cooper set forth that Mr. Albright failed to return her client file despite repeated requests for the same, failed to provide an itemization of services, and failed to return the unused retainer.

The HPS found that Mr. Albright failed to adequately communicate with Ms. Cooper in violation of Rule 1.4(b) of the West Virginia Rules of Professional Conduct.[11] Because he

---

**5.** West Virginia Rule of Professional Conduct, Rule 8.1, in relevant part, is as follows:

[A] lawyer in connection with ... a disciplinary matter, shall not:

(b) ... knowingly fail to respond to a lawful demand for information from ... disciplinary authority, except that this rule does not require disclosure of information otherwise protected by Rule 1.6.

**6.** Rule 1.4(b) is set forth, *supra*, in note 2.

**7.** For the relevant text of Rule 1.3, see note 3, *supra*.

**8.** See note 5, *supra*, for the relevant text of Rule 8.1.

**9.** Rule 8.1 is set forth in note 5, *supra*.

**10.** Note 5, *supra*, sets forth the relevant text of Rule 8.1.

**11.** See note 2, *supra*, for the relevant text of this Rule.

failed to diligently pursue his client's interests, Mr. Albright violated Rule 1.3 of the West Virginia Rules of Professional Conduct.[12] For his failure to return Ms. Cooper's file and to refund the unused retainer fee, Mr. Albright was found to have violated Rule 1.16(d) of the West Virginia Rules of Professional Conduct.[13] Due to Mr. Albright's acceptance of a retainer fee and his failure to provide the services for which he was retained, he violated Rules 1.5[14] and 8.4(c) and (d)[15] of the West Virginia Rules of Professional Conduct. Finally, the HPS found Mr. Albright violated Rule 8.1(b)[16] of the Rules of Professional Conduct for his failure to respond to requests for information by the ODC.

### F. Count 6—Complaint of Mary B. Hardesty

Ms. Hardesty retained Mr. Albright to represent her daughter in a custody matter, and paid a one thousand dollar retainer fee. Ms. Hardesty alleged that Mr. Albright failed to adequately communicate with her, failed to diligently pursue her daughter's interests, and failed to provide an accounting of services upon request. Further, Mr. Albright failed to respond to repeated requests from ODC for a response to the allegations. Therefore, the HPS found that Mr. Albright

violated Rule 8.1(b) of the West Virginia Rules of Professional Conduct.[17]

### G. Count 7—Complaint of Beth A. Agnew

Mr. Albright was appointed to be the executor of Ms. Agnew's uncle's estate. Ms. Agnew complained that Mr. Albright would not return her calls. Initially, ODC did not docket the complaint for investigation, but, rather, directed Mr. Albright to contact Ms. Agnew within fifteen days. Mr. Albright failed to make contact with Ms. Agnew, but advised ODC that he would be disbursing checks to the beneficiaries within two or three days. When the checks never materialized, ODC requested a response to the complaint, with which Mr. Albright failed to comply. The HPS found that Mr. Albright violated Rule 8.1(b) of the West Virginia Rules of Professional Conduct.[18]

### H. Disposition of Disciplinary Proceedings

Based on the seven complaints instituted against Mr. Albright, the HPS found that he failed to communicate with clients, failed to act diligently in representing clients, failed to provide itemized accountings regarding retainers, and failed to respond to the ODC's requests for information. While Mr. Albright failed to respond to the charges as

---

12. For the relevant text of Rule 1.3, see note 3, *supra.*

13. Rule 1.16(d) of the West Virginia Rules of Professional Conduct states that
[u]pon termination of representation, a lawyer shall take steps to the extent reasonably practicable to protect a client's interests, such as giving reasonable notice to the client, allowing time for employment of other counsel, surrendering papers and property to which the client is entitled and refunding any advance payment of fee that has not been earned.

14. The relevant text of Rule 1.5 of the West Virginia Rules of Professional Conduct provides:
(a) A lawyer's fee shall be reasonable. The factors to be considered in determining the reasonableness of a fee include the following:
(1) the time and labor required, the novelty and difficulty of the questions involved, and skill requisite to perform the legal service properly;
(2) the likelihood, if apparent to the client, that the acceptance of the particular employment will preclude other employment by the lawyer;
(3) the fee customarily charged in the locality for similar legal services;
(4) the amount involved and results obtained;

(5) the time limitations imposed by the client or by the circumstances;
(6) the nature and length of the professional relationship with the client;
(7) the experience, reputation, and ability of the lawyer or lawyers performing the services, and;
(8) whether the fee is fixed or contingent.

15. The relevant portion of Rule 8.4 of the West Virginia Rules of Professional Conduct provides as follows: "[i]t is professional misconduct for a lawyer to: ... (c) engage in conduct involving dishonesty, fraud, deceit or misrepresentation; (d) engage in conduct that is prejudicial to the administration of justice[.]"

16. The relevant portion of Rule 8.1 is set forth, *supra,* in note 5.

17. Note 5, *supra,* sets forth the relevant text of Rule 8.1.

18. For the relevant text of Rule 8.1, see note 5, *supra.*

requested, he did appear before the HPS during the hearing to defend himself and presented testimony of clients who were satisfied with his representations of them during their cases.

In determining the punishment to be imposed, the HPS found mitigating factors in the fact that Mr. Albright's father had been gravely ill and had passed away. However, it was recognized that the indiscretions occurred both prior to his father's illness and continued after his death. Conversely, Mr. Albright's previous disciplinary actions and his experience in the legal field were found to be aggravating factors. The ODC initially recommended to the HPS that Mr. Albright be suspended from the practice of law for a period of one year, along with other recommendations. The HPS accepted the ODC's recommendations with the exception that the HPS reduced the suggested length of time of the license suspension. The following recommendations were made to this Court: (1) that Mr. Albright be suspended from the practice of law for a period of three months; (2) that he be required to petition for reinstatement; (3) that Mr. Albright pay restitution prior to reinstatement; (4) that, upon reinstatement, his practice be supervised for two years; (5) that Mr. Albright complete an additional nine hours of office management continuing legal education credits prior to reinstatement; (6) that, prior to reinstatement, Mr. Albright meet with a licensed psychologist and follow any recommendations made by the psychologist; and (7) that he pay the costs of these disciplinary proceedings. This Court, however, did not agree with the recommendations and ordered the parties to file briefs and appear herein. Mr. Albright did not file any briefs in this case, but the ODC filed a brief in which it agreed with the recommendations made by the HPS.[19]

## II.

### STANDARD OF REVIEW

■ Although the HPS makes recommendations to this Court regarding sanctions to be imposed upon an attorney for ethical vio-

lations, we have held that " '[t]his Court is the final arbiter of legal ethics problems and must make the ultimate decisions about public reprimands, suspensions or annulments of attorneys' licenses to practice law.' Syllabus point 3, *Committee on Legal Ethics of the West Virginia State Bar v. Blair*, 174 W.Va. 494, 327 S.E.2d 671 (1984)." Syl. pt. 1, *Lawyer Disciplinary Bd. v. Scott*, 213 W.Va. 209, 579 S.E.2d 550 (2003).

■ Further, the standard of this Court's review of such matters is well-settled:

A *de novo* standard applies to a review of the adjudicatory record made before the [Lawyer Disciplinary Board] as to questions of law, questions of application of the law to the facts, and questions of appropriate sanctions; this Court gives respectful consideration to the [Board's] recommendations while ultimately exercising its own independent judgment. On the other hand, substantial deference is given to the [Board's] findings of fact, unless such findings are not supported by reliable, probative, and substantial evidence on the whole record.

Syl. pt. 3, *Committee on Legal Ethics v. McCorkle*, 192 W.Va. 286, 452 S.E.2d 377 (1994). *Accord* Syl. pt. 3, *Lawyer Disciplinary Bd. v. Cunningham*, 195 W.Va. 27, 464 S.E.2d 181 (1995). Mindful of these standards, we proceed to consider the parties' arguments.

## III.

### DISCUSSION

■ The ODC urges this Court to accept the recommendations by the HPS and to provide guidance in the appropriate discipline and the suitable length of license suspensions for bar members who are repeat offenders, such as Mr. Albright. As stated previously, Mr. Albright did not file a written brief for this Court's consideration. However, during oral argument before this Court, counsel on behalf of Mr. Albright suggested

---

**19.** See note 1, *supra*, regarding Mr. Albright's    lack of participation before this Court.

that a license suspension was not warranted.[20]

■ In our analysis of this case, we are cognizant that " 'Rule 3.7 of the Rules of Lawyer Disciplinary Procedure . . . requires the Office of Disciplinary Counsel to prove the allegations of the formal charge by clear and convincing evidence. . . .' Syllabus Point 1, [in part,] *Lawyer Disciplinary Bd. v. McGraw,* 194 W.Va. 788, 461 S.E.2d 850 (1995)." Syl. pt. 2, in part, *Lawyer Disciplinary Bd. v. Cunningham,* 195 W.Va. 27, 464 S.E.2d 181 (1995). However, once the HPS makes its findings, they are afforded substantial deference. *See* Syl. pt. 3, *McCorkle,* 192 W.Va. 286, 452 S.E.2d 377, *supra.* Moreover, because the Board's factual findings and conclusions are given substantial deference, "[t]he burden is on the attorney at law to show that the factual findings are not supported by reliable, probative, and substantial evidence on the whole adjudicatory record made before the [Board]." *McCorkle,* 192 W.Va. at 290, 452 S.E.2d at 381. Mr Albright failed to file a brief with this Court; however, it is clear that he recognizes his failures and indiscretions as evidenced by the admission of such by his counsel before this Court during oral argument. Therefore, this Court will not disturb the findings made by the HPS that Mr. Albright violated various provisions of the Rules of Professional Conduct.

We now turn our discussion to consider the appropriate sanctions that should be imposed on Mr. Albright for his misconduct. The HPS recommends license suspension for a brief time, as well as several other requirements prior to possible future reinstatement. However, Mr. Albright suggests that an imposed period of inactive status would better suit the nature of his actions. As this Court previously has recognized,

Rule 3.16 of the West Virginia Rules of Lawyer Disciplinary Procedure enumerates factors to be considered in imposing sanctions and provides as follows: "In imposing a sanction after a finding of lawyer misconduct, unless otherwise provided in

these rules, the Court [West Virginia Supreme Court of Appeals] or Board [Lawyer Disciplinary Board] shall consider the following factors: (1) whether the lawyer has violated a duty owed to a client, to the public, to the legal system, or to the profession; (2) whether the lawyer acted intentionally, knowingly, or negligently; (3) the amount of the actual or potential injury caused by the lawyer's misconduct; and (4) the existence of any aggravating or mitigating factors."

Syl. pt. 4, *Office of Lawyer Disciplinary Counsel v. Jordan,* 204 W.Va. 495, 513 S.E.2d 722 (1998).

■ Reviewing these enumerated factors, we find no dispute in the fact that Mr. Albright intentionally violated duties to his clients, to the public, to the legal system, and to the profession, which resulted in loss of his clients' retainer fees and their time involved in attempting to check the status of their cases. Significantly, we examine Mr. Albright's conduct in light of both mitigating and aggravating factors. "Mitigating factors in a lawyer disciplinary proceeding are any considerations or factors that may justify a reduction in the degree of discipline to be imposed." Syl. pt. 2, *Lawyer Disciplinary Bd. v. Scott,* 213 W.Va. 209, 579 S.E.2d 550 (2003). The *Scott* opinion, at Syllabus point 3, further explains that

[m]itigating factors which may be considered in determining the appropriate sanction to be imposed against a lawyer for violating the Rules of Professional Conduct include: (1) absence of a prior disciplinary record; (2) absence of a dishonest or selfish motive; (3) personal or emotional problems; (4) timely good faith effort to make restitution or to rectify consequences of misconduct; (5) full and free disclosure to disciplinary board or cooperative attitude toward proceedings; (6) inexperience in the practice of law; (7) character or reputation; (8) physical or mental disability or impairment; (9) delay in disciplinary proceedings; (10) interim rehabilitation; (11) imposition of other penalties or sanctions;

---

**20.** Mr. Albright's counsel asserted that Mr. Albright had changed his practice status to "inactive." He suggested that this Court impose a

certain period of "inactive" status as punishment for Mr. Albright's admitted indiscretions.

(12) remorse; and (13) remoteness of prior offenses. 213 W.Va. 209, 579 S.E.2d 550. "Aggravating factors[,]" however, "are any considerations or factors that may justify an increase in the degree of discipline to be imposed." Syl. pt. 4, *Scott, id.*

In this case, a mitigating factor is recognized in the fact that Mr. Albright's father was gravely ill and passed away. However, we further recognize that Mr. Albright's indiscretions occurred both prior to his father's illness and continued after his death. As was recognized by the ODC, Mr. Albright also expressed remorse at the effect his actions and inactions had on his clients. Conversely, we find that Mr. Albright's previous disciplinary actions and his experience in the legal field are aggravating factors.

In assessing the proper discipline to be imposed, we are mindful that "attorney disciplinary proceedings are primarily designed to protect the public, to reassure it as to the reliability and integrity of attorneys and to safeguard its interest in the administration of justice[.]" *Committee on Legal Ethics v. Keenan,* 192 W.Va. 90, 94, 450 S.E.2d 787, 791 (1994). *Accord Lawyer Disciplinary Bd. v. Sims,* 212 W.Va. 463, 469, 574 S.E.2d 795, 801 (2002) (per curiam) (Davis, J., concurring, in part, and dissenting, in part). While we agree with the majority of the sanctions recommended by the HPS, we find that a three-month license suspension simply does not serve the purpose of protecting and reassuring the public, especially in this case where Mr. Albright has had previous disciplinary actions against him. In fashioning the sanction, this Court is mindful of its prior holding that,

" '[i]n deciding on the appropriate disciplinary action for ethical violations, this Court must consider not only what steps would appropriately punish the respondent attorney, but also whether the discipline imposed is adequate to serve as an effective deterrent to other members of the Bar and at the same time restore public confidence in the ethical standards of the legal profession.' Syllabus Point 3, *Committee on Legal Ethics v. Walker,* 178 W.Va. 150, 358 S.E.2d 234 (1987)." Syl. Pt. 5, *Committee on Legal Ethics v. Roark,* 181 W.Va. 260, 382 S.E.2d 313 (1989).

Syl. pt. 7, *Jordan,* 204 W.Va. 495, 513 S.E.2d 722. Based on the pervasive lack of response to his clients, as well as Mr. Albright's continued disregard to requests by both the ODC and this Court, all indiscretions which occurred in both the previous and the instant disciplinary action, we find that a one-year license suspension is appropriate, in addition to the other sanctions recommended by the HPS.

## IV.

## CONCLUSION

For the foregoing reasons, we set forth the following discipline to be imposed:

(1) That Mr. Albright be suspended from the practice of law for a period of one year;

(2) That Mr. Albright be required to petition for reinstatement pursuant to Rule 3.32 of the Rules of Lawyer Disciplinary Procedure;

(3) That prior to petitioning for reinstatement, Mr. Albright pay restitution to:

A. Complainant David A. Samuels in the amount of $600.00; and

B. Complainant Jennifer Cooper in the amount of $1,200.00.

(4) That, upon reinstatement, Mr. Albright's practice be supervised for a period of two (2) years;

(5) That Mr. Albright complete nine (9) hours of CLE in ethics, specifically in office management, in addition to such ethics hours he is otherwise required to complete to maintain his active license to practice, said additional nine (9) hours to be completed before he is reinstated;

(6) That Mr. Albright be ordered to reimburse the Lawyer Disciplinary Board the costs of these proceedings pursuant to Rule 3.15 of the Rules of Lawyer Disciplinary Procedure; and

(7) That Mr. Albright be required to meet with a licensed psychologist who is previously approved by the Office of Disciplinary Counsel and follow whatever rec-

ommendations are made by said psychologist.

License Suspended and Other Sanctions.