585 S.E.2d 11

**OFFICE OF LAWYER DISCIPLINARY COUNSEL, Petitioner**

v.

**Desiree Lynette ALBERS, a member of The West Virginia State Bar, Respondent**

No. 31079.

Supreme Court of Appeals of West Virginia.

Submitted March 11, 2003.

Decided May 7, 2003.

Rachael Fletcher, Office of Disciplinary Counsel, Charleston, West Virginia, Attorney for Petitioner.

Desiree Lynette Albers, for Respondent.

PER CURIAM:

Alleging that Desiree Lynette Albers violated the *West Virginia Rules of Professional Conduct* and that she posed a substantial threat of irreparable harm to the public, the Office of Lawyer Disciplinary Counsel petitions this Court (1) to issue an order immediately suspending the law license of Ms. Albers, (2) to provide Ms. Albers a hearing on the underlying charges, and (3) to authorize the Chief Judge of Cabell County to appoint a trustee to protect the interests of Ms. Albers's clients.

We grant the Office of Lawyer Disciplinary Counsel's requests.

I.

In September of 2000, Ms. Albers was admitted to the West Virginia Bar and began to practice in Cabell County. During 2001, in the course of obtaining a divorce from her husband, a Huntington police officer, Ms. Albers was charged with burglary and domestic assault. On November 2, 2001, the Office of Disciplinary Counsel, pursuant to Rule 3.21 of the *West Virginia Rules of Lawyer Disciplinary Procedure*, petitioned this Court for an immediate administrative suspension of Ms. Albers' law license. On November 5, 2001, this Court granted the

immediate administrative suspension. On December 17, 2001, Ms. Albers entered a no contest plea to the misdemeanor charges of domestic assault, petty larceny, harassing telephone calls, and violating a protective order. The Cabell County circuit court initially sentenced Ms. Albers to one year in jail, but suspended imposition of the sentence and placed her on five years of supervised probation.

On April 19, 2002, Ms. Albers petitioned to be reinstated from the November 5, 2001 administrative suspension, and on April 24, 2002, this Court reinstated Ms. Albers to the practice of law subject to the supervision of another lawyer for one year.

On November 29, 2002, Cabell County law enforcement charged Ms. Albers with felony burglary. On or about December 2, 2002, Ms. Albers' supervising attorney contacted the Office of Lawyer Disciplinary Counsel and reported that Ms. Albers had been arrested and was in jail. At her probation revocation hearing on December 16, 2002, the Cabell County circuit court revoked Ms. Albers' probation and imposed her original sentence of one year in jail. Ms. Albers is currently in jail.

On January 8, 2003, the Office of Lawyer Disciplinary Counsel filed a petition seeking to have this Court (1) issue an order immediately suspending the law license of Ms. Albers in accordance with Rule 3.27 of the *West Virginia Rules of Lawyer Disciplinary Procedure*, (2) provide Ms. Albers a hearing on the allegations against her, and (3) authorize the Chief Judge of Cabell County to appoint a trustee to protect the interests of Ms. Albers's clients.

On January 16, 2003, this Court authorized the Chief Judge of Cabell County to appoint a trustee to protect the interests of Ms. Albers' clients. The Court also scheduled the matter for hearing before this Court on March 11, 2003.[1]

I.

The only issue before this Court is whether to suspend Ms. Albers' law license temporarily.

1. Ms. Albers has not responded to the Office of Lawyer Disciplinary Counsel's pleadings, and on

March 11, 2003, the Office of Disciplinary Counsel submitted its case to this Court by brief.

■ This Court has the ultimate responsibility and authority for supervising the practice of law in this State and for insuring that the public's interests are protected. Included in this authority is the power to suspend an attorney's law license.

Under the authority of the Supreme Court of Appeal's inherent power to supervise, regulate and control the practice of law in this State, the Supreme Court of Appeals may suspend the license of a lawyer or may order such other actions as it deems appropriate, after providing the lawyer with notice and an opportunity to be heard, when there is evidence that a lawyer (1) has committed a violation of the Rules of Professional Conduct or is under a disability and (2) poses a substantial threat of irreparable harm to the public until the underlying disciplinary proceeding has been resolved.

Syllabus Point 2, *Committee on Legal Ethics v. Ikner*, 190 W.Va. 433, 438 S.E.2d 613 (1993).

■ This Court has further stated that "the primary purpose of the ethics committee [Office of Lawyer Disciplinary Counsel] is not punishment but rather the protection of the public and the reassurance of the public as to the reliability and integrity of attorneys." *Committee on Legal Ethics of West Virginia State Bar v. Ikner*, 190 W.Va. 433, 436, 438 S.E.2d 613, 616 (1993) (internal citations omitted). Rule 3.27 of the *West Virginia Rules of Lawyer Disciplinary Procedure* (1994) [2] provides a mechanism to immediately suspend the license of a lawyer who (1) is disabled or is accused of violating the *West Virginia Rules of Professional Conduct* and (2) who is alleged to pose a substantial threat of irreparable harm to the public. The procedure outlined in Rule 3.27 of the *West Virginia Rules of Lawyer Disciplinary Procedure* (1994) is an extraordinary proceeding that should be used only in "the most extreme cases of lawyer misconduct." [3] Syllabus Point 1, *Office of Disciplinary Counsel v. Battistelli*, 193 W.Va. 629, 457 S.E.2d 652 (1995).

Under Rule 3.29 of the *West Virginia Rules of Lawyer Disciplinary Procedure* (1999),[4] this Court may authorize a chief judge to appoint a trustee to take all actions necessary to protect the disabled lawyer's clients' interests. *Office of Disciplinary Counsel v. Cunningham*, 202 W.Va. 186, 188, 503 S.E.2d 275, 277 (1998).

■ Because of the enormous amount of trust that the public places in its lawyers, this Court must insure that the public's interests are protected and that the integrity of the legal profession is maintained. Ms. Albers is accused by the Office of Disciplinary Counsel of violating the *W.Va. Rules of Professional Conduct* and of posing a substantial threat of irreparable harm to the public. Ms. Albers is currently serving a one-year jail term, and awaits possible indictment on an additional felony matter. She is clearly unable to represent the interests of her clients.

---

2. Rule 3.27 of the Rules of Lawyer Disciplinary Procedure (1994) states, in part, that:

(c) ... The Supreme Court may appoint a trustee to protect the interest of the lawyer's clients during the pendency of these proceedings. After such hearing, the Supreme Court may temporarily suspend the lawyer or may order such other action as it deems appropriate until underlying disciplinary proceedings before the Lawyer Disciplinary Board have been completed.

(d) Unless otherwise provided, interim suspension of a lawyer pursuant to this rule shall take effect immediately upon entry of the order by the Supreme Court....

3. At this time, we are not called upon to, nor do we, decide the merits of any criminal violations pending against Ms. Albers.

4. Rule 3.29 of the Rules of Lawyer Disciplinary Procedure (1999) states, in part, that:

When a lawyer has disappeared, died, or has abandoned his or her law office or practice or has been suspended or disbarred ... the Supreme Court of Appeals, upon written request by Disciplinary Counsel, may authorize the chief judge in the circuit in which the lawyer maintained his or her practice, to appoint a lawyer or lawyers to inventory the files of the disappeared, deceased, abandoning, suspended, or disbarred lawyer and to take such action as seems indicated to protect the interests of the lawyer and the lawyer's clients.

14

## III.

In order to insure the reliability and the integrity of the legal professional, this Court immediately suspends Ms. Albers' license. This Court further orders, pursuant to Rule 3.27 of the *Rules of Lawyer Disciplinary Procedure*, that an appropriate hearing be scheduled on the formal charges against Ms. Albers if one has not already occurred. Finally, as provided in Rule 3.29 of the *Rules of Lawyer Disciplinary Procedure*, this Court orders that the chief judge of the Circuit Court of Cabell County, if the chief judge has not already done so, appoint a trustee to protect the interests of Ms. Albers' clients.

Petition Granted.