# IN THE SUPREME COURT OF APPEALS OF WEST VIRGINIA

**January 2016 Term**

_____

**No. 16-0156**

_____

FILED

**June 2, 2016**

released at 3:00 p.m.
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**OFFICE OF DISCIPLINARY COUNSEL,**
**Petitioner**

**v.**

**KEVIN C. DUFFY,**
**A member of the West Virginia Bar,**
**Respondent**

_____

**Lawyer Disciplinary Proceeding**

**PETITION GRANTED**

_____

**Submitted: May 17, 2016**
**Filed: June 2, 2016**

Renée N. Frymyer, Esq.                  Kevin C. Duffy, Esq.
Lawyer Disciplinary Counsel              Westlake, Ohio
Rachael L. Fletcher Cipoletti, Esq.      Respondent, *Pro Se*
Chief Lawyer Disciplinary Counsel
Charleston, West Virginia
Counsel for the Petitioner

**CHIEF JUSTICE KETCHUM delivered the Opinion of the Court.**

**SYLLABUS BY THE COURT**

"Under the authority of the Supreme Court of Appeal's inherent power to supervise, regulate and control the practice of law in this State, the Supreme Court of Appeals may suspend the license of a lawyer or may order such other actions as it deems appropriate, after providing the lawyer with notice and an opportunity to be heard, when there is evidence that a lawyer (1) has committed a violation of the Rules of Professional Conduct or is under a disability and (2) poses a substantial threat of irreparable harm to the public until the underlying disciplinary proceeding has been resolved." Syl. Pt. 2, *Comm. on Legal Ethics of The W.Va. State Bar v. Ikner*, 190 W.Va. 433, 438 S.E.2d 613 (1993).

**Chief Justice Ketchum:**

The Office of Disciplinary Counsel ("ODC") filed a Petition on February 17, 2016, requesting that we temporarily suspend Mr. Kevin Duffy's law license pending the outcome of the disciplinary charges filed against him. Under West Virginia Rule of Lawyer Disciplinary Procedure 3.27 ("Rule 3.27"), this measure is available when there is sufficient evidence that: (1) a lawyer has committed a violation of our Rules of Professional Conduct or is under a disability; and (2) he/she poses a substantial threat of irreparable harm to the public.

Upon review, we find sufficient evidence to initially demonstrate that Mr. Duffy violated our Rules of Professional Conduct and poses a substantial threat of irreparable harm to the public. Thus, we grant the ODC's Petition to suspend his law license pending the outcome of his formal disciplinary charges. The suspension shall take effect immediately.

## I.
## FACTUAL AND PROCEDURAL BACKGROUND

Mr. Duffy is an active member of the West Virginia State Bar who maintains a law practice in Clay County. The ODC cites the following reasons for suspending his law license: (1) he failed to attend any hearings scheduled on his clients' behalf in their felony matters over an extended period of time; (2) he made false

1

representations to the circuit court in explaining his absence from his clients' hearings;[1] (3) he was recently convicted of multiple misdemeanors; and (4) he failed to attend his court date on these misdemeanor charges, prompting the court to issue a capias[2] to compel his appearance in court.

Mr. Duffy represented two clients in Clay County, West Virginia, in separate felony matters. Both clients were in custody awaiting Mr. Duffy's assistance. For the three weeks between January 19, 2016, and February 8, 2016, Mr. Duffy missed every hearing scheduled (seven in total) on these two clients' behalf. Thus, the hearings were continued multiple times because of his absences. To these clients' detriment, this cycle of absences and continuances lasted until the circuit court relieved Mr. Duffy of his duties as counsel on February 8, 2016.

Mr. Duffy did not always provide the circuit court an explanation for his absence, but when he did, it was invariably on the date of his clients' scheduled hearings and implicated either health or car problems. For example, on February 2, he told the circuit court he could not attend his clients' hearings because his car was broken down but that it was scheduled to be fixed the following day. Three days later, on February 5, he was arrested for drunk driving. However, on February 8, he provided the circuit court the same excuse, that his car was broken down, for his failure to attend his clients'

---

[1] Mr. Duffy asserts he did not lie about why he missed his clients' hearings.

[2] A capias is a writ requiring an officer to take a named defendant into custody and is often issued when the defendant fails to appear in court. *Capias*, Black's Law Dictionary (9th ed. 2009).

hearings. Mr. Duffy never mentioned his drunk driving arrest or the criminal charges pending against him in explaining why he failed to attend any of his clients' hearings.

Meanwhile, Mr. Duffy was in Westlake, Ohio, where he engaged in criminal conduct. On the afternoon of February 5, 2016, Mr. Duffy drove to a Speedway gas station to buy beer. However, he was so intoxicated that the store clerk refused the sale. Mr. Duffy reacted by grabbing the beer from the counter, exiting Speedway without paying, and driving into traffic.

Mr. Duffy did not make it far. Police found him in his car already stopped in the left-hand turning lane in front of Speedway with traffic maneuvering around him. The officers found the stolen beer, along with other store merchandise, including a burrito, lip balm, and toilet paper, in the car's front seat. They then transported Mr. Duffy to the police station and called him an ambulance because he was so drunk.

Mr. Duffy was charged with operating a vehicle while intoxicated and theft. He was summoned to appear before a municipal court in Ohio on February 9, 2016. He missed his court date, which prompted the municipal court to issue a capias to compel his appearance in court. Later, Mr. Duffy pled guilty to one count of operating a vehicle while intoxicated and one count of disorderly conduct, both of which are misdemeanors in Ohio.

The ODC also references four lawyer disciplinary complaints pending against Mr. Duffy based on facts unrelated to this Petition, which occurred between August 2014 and December 2015. These complaints stem from allegations that Mr. Duffy failed to turn over one client's file, failed to provide another client with updates

3

regarding his case, and threatened mental health professionals involved in his divorce proceeding. When the ODC investigated these allegations, Mr. Duffy ignored its letters for six months. Later, Mr. Duffy told the ODC the reason he declined to respond to their requests for information was because, "[I] just can't stand your office, and [I was] just being obnoxious to you."

Accordingly, the ODC filed its Petition to suspend Mr. Duffy's law license on February 17, 2016, alleging he violated Rules of Professional Conduct 8.4(b), (c), and (d).[3] On February 19, 2016, this Court mailed Mr. Duffy notice of the ODC's Petition and informed him of his "right to request a hearing before this Court within thirty days of the Petition." He responded to the ODC's Petition almost two months later -- on April 14, 2016. Having conducted Mr. Duffy's requested hearing on May 17, 2016, we now grant the ODC's Petition to temporarily suspend his law license pending the outcome of his disciplinary charges.

---

[3] Rule of Professional Conduct 8.4(b), (c), and (d)'s full text reads as follows:

It is professional misconduct for a lawyer to: . . .

(b) commit a criminal act that reflects adversely on the lawyer's honesty, trustworthiness or fitness as a lawyer in other respects;

(c) engage in conduct involving dishonesty, fraud, deceit, or misrepresentation;

(d) engage in conduct that is prejudicial to the administration of justice[.]

4

## II.
## STANDARD OF REVIEW

The ODC requests that we temporarily suspend Mr. Duffy's law license pending the outcome of his disciplinary charges. As to this Court's power to temporarily suspend a lawyer from practicing law, we have held:

> Under the authority of the Supreme Court of Appeal's inherent power to supervise, regulate and control the practice of law in this State, the Supreme Court of Appeals may suspend the license of a lawyer or may order such other actions as it deems appropriate, after providing the lawyer with notice and an opportunity to be heard, when there is evidence that a lawyer (1) has committed a violation of the Rules of Professional Conduct or is under a disability and (2) poses a substantial threat of irreparable harm to the public until the underlying disciplinary proceeding has been resolved.[4]

Furthermore, "Rule 3.27 of the West Virginia Rules of Lawyer Disciplinary Procedure (1994) provides a mechanism to immediately suspend the license of a lawyer who (1) is disabled or is accused of violating the West Virginia Rules of Professional Conduct and (2) who is alleged to pose a substantial threat of irreparable harm to the public."[5]

To prevail on its motion, the ODC's "petition to this Court should contain, at a minimum, specific allegations of the misconduct alleged. Where necessary to aid the Court in its resolution of the matter, the petition should also refer to supporting

---

[4] Syl. Pt. 2, *Comm. on Legal Ethics of The W.Va. State Bar v. Ikner*, 190 W.Va. 433, 438 S.E.2d. 613 (1993).

[5] *Office of Lawyer Disciplinary Conduct v. Albers*, 214 W.Va. 11, 13, 585 S.E.2d 11, 13 (2003) (footnote and emphasis omitted).

documentation and affidavits. The respondent lawyer should then offer supporting documents and affidavits to counter the petition's allegations."[6] This Court will examine the Petition's allegations and the parties' documentation and assess whether there is sufficient evidence to initially demonstrate the lawyer violated our Rules of Professional Conduct or is under a disability such that he/she poses a substantial threat of irreparable harm to the public.[7]

### III.
### ANALYSIS

The ODC contends Mr. Duffy engaged in a pattern of misconduct adversely affecting his clients and the administration of justice, and it calls our attention to the numerous lawyer disciplinary complaints pending against him. The ODC asserts Mr. Duffy's continued misbehavior represents a threat of future harm to the public, and so, we should temporarily suspend him from practicing law until formal disciplinary charges against him have been resolved. By contrast, Mr. Duffy argues we should not suspend

---

[6] Syl. Pt. 2, in part, *Office of Disciplinary Counsel v. Battistelli*, 193 W.Va. 629, 457 S.E.2d 652 (1995).

[7] *See Office of Lawyer Disciplinary Counsel v. Nichols*, 212 W.Va. 318, 321, 570 S.E.2d 577, 580 (2002) ("[We find] there is sufficient credible and unrefuted evidence to initially demonstrate that [Respondent] has violated numerous provisions of the Rules of Professional Conduct.") (footnote omitted); *Battistelli*, 193 W.Va. at 636-37, 457 S.E.2d at 659-60 ("Accordingly, we will examine the instant Petition to determine whether there is sufficient evidence to conclude that the Respondent (1) has committed a violation of the Rules of Professional Conduct, and (2) poses a substantial threat of irreparable harm to the public.") (footnote omitted).

his law license because he does not pose a substantial threat of irreparable harm to the public.

Under this case's facts, Rule 3.27 provides for temporary suspension of Mr. Duffy's law license pending the outcome of his formal disciplinary charges if there is sufficient evidence that: (1) he violated our Rules of Professional Conduct; *and* (2) he poses a substantial threat of irreparable harm to the public. We discuss both issues in turn.

### A. *Violation of the Rules of Professional Conduct*

The ODC alleges Mr. Duffy violated our Rules of Professional Conduct by failing to attend his clients' hearings over an extended period of time; falsely representing to the circuit court why he failed to attend his clients' hearings; engaging in criminal conduct, including theft; and failing to appear on his own behalf at a court date on the criminal charges against him. The ODC supports its allegations with a letter by the circuit court regarding his failure to attend his clients' hearings; a criminal complaint against Mr. Duffy, along with a police investigative report; and the capias issued calling for his arrest for failing to appear in court to answer charges against him.

Mr. Duffy admits to most of these allegations, although he asserts he did not lie to the circuit court about why he failed to attend his clients' hearings. He also concedes that he violated Rule of Professional Conduct 8.4(d), which prohibits conduct prejudicial to the administration of justice.

In this initial proceeding, we are not called upon to, nor do we, decide the merits of the ethical charges against Mr. Duffy or what the ultimate outcome of his

disciplinary charges should be.[8]  Rather, we consider whether the ODC's allegations, along with its supporting documentation, produce sufficient evidence to initially demonstrate that Mr. Duffy violated a Rule of Professional Conduct.  We find that the ODC has produced sufficient evidence to initially demonstrate that Mr. Duffy committed a violation of a Rule of Professional Conduct.

### B. *Substantial Threat of Irreparable Harm to the Public*

We now turn to whether Mr. Duffy poses a substantial threat of irreparable harm to the public.  Our goal in making this assessment is to "protect the public from [future] lawyer misconduct, misconduct that may very well continue throughout the often lengthy disciplinary process."[9]  Thus, a pattern of misconduct is more likely to merit suspension under Rule 3.27 than an isolated incident, as the latter may not suggest a future threat.[10]

The ODC alleges Mr. Duffy engaged in a pattern of misconduct adversely affecting his clients and the administration of justice.  As to his clients, he missed seven of their scheduled hearings in a row over the course of three weeks, all while they were in custody awaiting the resolution of their felony matters.  In this way, Mr. Duffy continued

---

[8] *Albers*, 214 W.Va. at 13 n.3, 585 S.E.2d at 13 n.3; *Nichols*, 212 W.Va. at 321 n. 6, 570 S.E.2d at 580 n.6.

[9] Arthur F. Greenbaum, *Administrative and Interim Suspensions in the Lawyer Regulatory Process – A Preliminary Inquiry*, 47 Akron L. Rev. 65, 105 (2014); *Office of Lawyer Disciplinary Counsel v. Plants*, 233 W.Va. 477, 484, 759 S.E.2d 220, 227 (2014) (Measures contained in Rule 3.27 justified when "the substantial threat of harm to the public continued unabated.").

[10] Greenbaum, *supra* note 9, at 113 n.225.

to delay his clients' cases until the circuit court intervened by removing him as counsel. Even after Mr. Duffy was removed as counsel, he continued to miss hearings by failing to attend his own court date in Ohio.

Mr. Duffy also prejudiced the administration of justice through his conduct toward the circuit court and the ODC. As to the circuit court, Mr. Duffy repeatedly failed to explain his absence until the date of his clients' scheduled hearings, and one of his excuses, that his car was broken down, is made less credible by his arrest for drunk driving. As to the ODC, Mr. Duffy failed to respond to its Petition, filed February 17, 2016, until nearly two months later, on April 14, 2016. At his hearing before this Court, Mr. Duffy claimed he could not regularly check his mail at the post office because his driver's license was suspended. If this claim is true, we are troubled by Mr. Duffy's limited ability to check his mail. It reflects poorly on his capacity to receive correspondence from and on behalf of his clients, which in turn, casts doubt on whether he can represent future clients without harming their interests.

Accordingly, there is sufficient evidence to initially demonstrate that Mr. Duffy poses a substantial threat of irreparable harm to the public. We have stated, "Critical traits of a lawyer's character are honor and integrity. Certainly, those qualities would be lacking in a lawyer who abandons his clients."[11] Mr. Duffy brought his honor and integrity into question by engaging in a pattern of misconduct adversely affecting his clients, the circuit court, and the ODC. Furthermore, the numerous lawyer disciplinary

---

[11] *Ikner*, 190 W.Va. at 437, 438 S.E.2d at 617.

complaints pending against him based on facts unrelated to this Petition cause even greater concern of Mr. Duffy's pattern of misconduct.

Consequently, we are compelled to grant the ODC's Petition to temporarily suspend his law license pending the outcome of the disciplinary charges against him. Under West Virginia Rule of Lawyer Disciplinary Procedure 3.27(d) [1995], the suspension shall take effect immediately, and "[a] hearing on formal charges against the suspended lawyer shall be conducted by a Hearing Panel Subcommittee, unless continued for good cause shown, within ninety days after the effective date of the suspension."

**IV.**
**CONCLUSION**

We find sufficient evidence to initially demonstrate that Mr. Duffy violated our Rules of Professional Conduct and that he poses a substantial threat of irreparable harm to the public. Likewise, we grant the ODC's Petition to . The suspension shall take effect immediately.

The Clerk of this Court is ordered to issue the mandate forthwith.

Petition Granted.

10

