# STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

**Charles E.,**
**Petitioner Below, Petitioner**

**FILED**

**February 21, 2017**
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**vs)  No. 16-0045** (Gilmer County 14-C-16)

**David Ballard, Warden,**
**Mount Olive Correctional Complex,**
**Respondent Below, Respondent**

## MEMORANDUM DECISION

Petitioner Charles E., by counsel Bryan S. Hinkle, appeals the Circuit Court of Gilmer County's December 14, 2015, order that denied his petition for writ of habeas corpus.[1] The State, by counsel Jonathan E. Porter, filed a response in support of the circuit court's order. On appeal, petitioner argues that the circuit court erred in denying petitioner's request for habeas relief because his trial counsel was constitutionally ineffective.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the order of the circuit court is appropriate under Rule 21 of the Rules of Appellate Procedure.

In 2012, a Gilmer County grand jury indicted petitioner on two counts of first-degree sexual abuse in violation of West Virginia Code § 61-8B-7(a)(3), and two counts of first-degree sexual assault in violation of West Virginia Code § 61-8B-3(a)(2).[2] The victim was his great-nephew, J.S., who was four years old at the time of the alleged crimes and six years old at the time of trial.

---

[1]Consistent with our long-standing practice in cases with sensitive facts, we use initials where necessary to protect the identities of those involved in this case. *See In re K.H.*, 235 W.Va. 254, 773 S.E.2d 20 (2015); *Melinda H. v. William R. II*, 230 W.Va. 731, 742 S.E.2d 419 (2013); *State v. Brandon B.*, 218 W.Va. 324, 624 S.E.2d 761 (2005); *State v. Edward Charles L.*, 183 W.Va. 641, 398 S.E.2d 123 (1990).

[2]According to West Virginia Code § 61-8B-7(a)(2) and § 61-8B-7(a)(3), "[a] person is guilty of sexual abuse in the first-degree when [s]uch person subjects another person to sexual contact who is physically helpless; or [s]uch person, being fourteen years old or more, subjects another person to sexual contact who is younger than twelve years old."

In November of 2012, petitioner's criminal trial began. Respondent's primary evidence against him was the victim's testimony.[3] The victim testified at trial that petitioner touched the victim's penis on one occasion and digitally penetrated his anus on more than two occasions. A social worker, who was qualified by the circuit court as an expert in the area of whether children exhibit characteristics of being abused, testified about an interview she conducted of the victim and testified that the victim described and demonstrated the sexual acts on a doll, the victim identified petitioner as the perpetrator who committed those acts; and that the victim's statements to her were consistent. Petitioner did not testify at trial or present any evidence in his defense. Following the jury trial, petitioner was convicted of one count of first-degree sexual abuse and one count of first-degree sexual assault; the remaining counts were dismissed by the circuit court. On April 5, 2013, the circuit court denied petitioner's post-trial motion for a judgment of acquittal or new trial and sentenced petitioner to an indeterminate term of incarceration of not less than five nor more than twenty-five years for first-degree sexual abuse and not less than twenty-five nor more than 100 years for first-degree sexual assault. The circuit court ordered the sentences to run consecutively to one another and further ordered that petitioner register as a sex offender for a term of fifty years following his release from incarceration.

In 2014, petitioner filed a direct appeal with this Court alleging that the circuit court erred (1) when it denied his motion for judgment of acquittal at the close of respondent's case-in-chief; (2) when it did not grant his motion for a new trial on the grounds that respondent produced a witness statement only after that witness testified at the trial and prior to cross-examination; (3) and that the sentence imposed upon petitioner violated the proportionality principle found in Article III, Section 5 of the West Virginia Constitution. By ordered entered on April 25, 2014, this Court affirmed petitioner's conviction. *See State v. Charles E.*, No. 13-0571 (W.Va. Supreme Court, April 25, 2014)(memorandum decision). Thereafter, this Court refused petitioner's petition for rehearing.

In June of 2015, Petitioner filed a petition for writ of habeas corpus alleging that he received ineffective assistance of counsel at trial. In August of 2016, following an omnibus evidentiary hearing, the circuit court entered an order denying petitioner's petition for writ of habeas corpus. This appeal followed.

This Court reviews a circuit court order denying habeas corpus relief under the following standard:

> "In reviewing challenges to the findings and conclusions of the circuit court in a habeas corpus action, we apply a three-prong standard of review. We review the final order and the ultimate disposition under an abuse of discretion standard; the underlying factual findings under a clearly erroneous standard; and questions of law are subject to a *de novo* review." Syllabus point 1, *Mathena v. Haines*, 219 W.Va. 417, 633 S.E.2d 771 (2006).

---

[3]Petitioner's trial counsel, Kevin C. Duffy, had his law license temporarily suspended in June of 2016. *See Office of Disciplinary Counsel v. Duffy*, 237 W.Va. 295 787 S.E.2d 566 (2016), No. 16-0156 (W.Va. Supreme Court, June 2, 2016)(memorandum decision).

2

Syl. Pt. 1, *State ex rel. Franklin v. McBride*, 226 W.Va. 375, 701 S.E.2d 97 (2009).

On appeal, petitioner argues that the circuit court erred in denying habeas relief based on his claim that his trial counsel was constitutionally ineffective. We do not agree. Petitioner claims that his counsel failed to meet with him, to investigate his case, or prepare a defense for trial. Our review of the record supports the circuit court's decision to deny petitioner post-conviction habeas corpus relief based on the error alleged in this appeal, which was also argued below. According to the record on appeal, petitioner's own testimony establishes that his counsel met with him approximately twelve to fourteen times between the preliminary hearing and the jury trial. Contrary to petitioner's own argument, he testified below that he met with counsel several times, that counsel communicated all plea agreements to petitioner, and advised him on all the plea offers presented. Indeed, the circuit court's order includes well-reasoned findings and conclusions as to the assignment of error raised on appeal. Given our conclusion that the circuit court's order and the record before us reflect no clear error or abuse of discretion, we hereby adopt and incorporate the circuit court's findings and conclusions as they relate to petitioner's assignment of error raised herein and direct the Clerk to attach a copy of the circuit court's December 14, 2015, "Final Opinion and Order on Petition Writ of Habeas Corpus Relief" to this memorandum decision.

For the foregoing reasons, we affirm.

Affirmed.

**ISSUED:** February 21, 2017

**CONCURRED IN BY:**

Chief Justice Allen H. Loughry II
Justice Robin Jean Davis
Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Elizabeth D. Walker

2015 DEC 14 AM 8:38

CHARLES

Petitioner,

KAREN ELKIN
CIRCUIT CLERK
GILMER COUNTY, WV

vs.

Case Number: 14-C-16

DAVID BALLARD, WARDEN,
Mt. Olive Correctional Complex,
Respondent.

## FINAL OPINON and ORDER ON PETITION
## FOR WRIT OF HABEAS CORPUS RELEF

This is a petition for writ of habeas corpus pursuant to W.Va. Code § 53-4A-1, *et seq.* wherein the petitioner seeks post-conviction relief with respect to his conviction in the Circuit Court of Gilmer County, West Virginia, to wit: 12-F-14. An omnibus hearing was held on said petition on the 11th day of August, 2015, where there appeared the petitioner in person and with habeas counsel, Bryan Hinkle and the respondent by and through Gerald Hough, Prosecuting Attorney for Gilmer County.

The petitioner testified on his own behalf and was subject to cross examination, thereafter the petitioner did rest. The respondent called no witnesses and did rest. The Court took the matter under advisement and instructed the parties this written decision would follow. Having afforded a plenary review of the record herein, the testimony adduced and the applicable law, the Court, for reasons set forth more fully below, does hereby deny the petitioner's petition for post-conviction habeas corpus relief.

## I.      FINIDNGS OF FACTS

1. This is a petition for writ of habeas corpus pursuant to W.Va. Code § 53-4A-1, *et seq.*

filed by the petitioner through his habeas counsel Bryan Hinkle on June 17, 2015, in the Circuit Court of Gilmer County, West Virginia, wherein the petitioner alleges ineffective assistance of counsel as his sole assignment of error.

2. The Court takes judicial notice of all proceedings and testimony with respect to the underlying criminal case in the Circuit Court of Gilmer County, West Virginia, to wit: 12-F-14. The petitioner was represented by Kevin Duffy in those proceedings.

3. The petitioner was tried and convicted by a jury on November 15, 2012, of one (1) count of Sexual Abuse in the First Degree and one (1) count of Sexual Assault in the First Degree. On April 5, 2013, the petitioner was subsequently sentenced to not less than thirty (30) nor more than one hundred twenty-five (125) years in the penitentiary.

4. The petitioner, by counsel timely appealed his conviction to the West Virginia Supreme Court of Appeals. The conviction was affirmed by Memorandum Decision on April 25, 2014, in West Virginia Supreme Court of Appeals case number 13-0571.

5. This Court, by Order dated October 2, 2014, appointed Bryan Hinkle to represent the petitioner with his petition for writ of habeas corpus. The petitioner, through counsel filed said petition on June 17, 2015.

6. The record reflects that both the petitioner and Mr. Hinkle executed a *Losh v. McKenzie*, 277 S.E.2d 606 (1981) checklist acknowledging the nature of habeas corpus proceedings and that any grounds not raised would be deemed forever waived.

### Omnibus Hearing Testimony

7. An omnibus hearing was held in the above-styled manner on August 11, 2015, where there appeared the parties, each duly represented by counsel.

8. The petitioner testified on his own behalf. Petitioner acknowledged that in preparing

his petition for writ of habeas corpus relief that he and his counsel had went over the *Losh v. McKenzie* checklist. Further, petitioner testified that he understood the nature of the omnibus proceedings and that any grounds not raised now would be deemed forever waived. Thereafter, the petitioner indicated that ineffective assistance of counsel was the only ground he was pursuing.

9. The petitioner set forth two (2) arguments as basis for his claim that his counsel in the underlying criminal proceedings, Kevin Duffy[1], was ineffective. Those arguments and the petitioner's testimony with respect thereto are as follows:

10. Petitioner argues that Mr. Duffy only brought numerous plea offers with him to meet with his the petitioner while he was incarcerated awaiting trial. Further, that Mr. Duffy only discussed the petitioner's statement to law enforcement.

11. Petitioner estimates that he met with Mr. Duffy approximately twelve (12) to fourteen (14) times between his preliminary hearing in Magistrate Court through his jury trial.

12. Petitioner claims Mr. Duffy waited until the eve of trial to share discovery with him

13. Petitioner further asserts that Mr. Duffy failed to adequately investigate the case, review discovery, or interview potential witnesses.

14. Petitioner claims Mr. Duffy informed him that it was the petitioner's decision whether he wanted to testify on his own behalf. Further, petitioner claims he was not asked to take part in the jury selection process.

15. Petitioner posits that Mr. Duffy brought a plea offer to him a week before it was to expire and that Mr. Duffy continuously insisted on getting the petitioner to take a plea.

---

[1] The record reflects Mr. Duffy was not subpoenaed by either party, nor was he called as a witness during the omnibus hearing.

Further, Mr. Duffy informed the petitioner an independent sex offender evaluation was not good strategy and should not be pursued.

16. Petitioner claims he could not get ahold of Mr. Duffy, and that Mr. Duffy would not always respond to the petitioner's written correspondence.

17. Petitioner admits that the State of West Virginia made at least four (4) different plea offers, including two (2) offers which sought to have him plead to only one (1) count of the multiple count indictment. The petitioner acknowledged that he, not Mr. Duffy, decided to reject those offers and go to trial.

18. The Petitioner further conceded it was his decision, not Mr. Duffy, that he chose not to testify at trial after being duly advised of those rights by the Court, outside of the jury's presence.

19. Petitioner further, acknowledged that Mr. Duffy did timely file an appeal on his behalf to the West Virginia Supreme Court of Appeals and that his conviction was affirmed.

20. The Court took the matter under advisement and instructed the parties to each file proposed findings of facts and conclusions of law and that a written decision would follow.

## II. DISCUSSION

The petitioner raises ineffective assistance of counsel as his only ground for post-conviction habeas corpus relief. In respect to this assignment of error, the petitioner makes two main arguments: (1) Mr. Duffy failed to adequately meet with the petitioner and investigate his case; and (2): Mr. Duffy failed to provide adequate counsel on preparing a defense for trial.

Claims of ineffective assistance of counsel are governed by the now axiomatic two-pronged standard set forth by our nation's Supreme Court in *Strickland v. Washington*.[2] Pointing to that holding the West Virginia Supreme Court of Appeals espoused in syllabus point five of *State v. Miller*[3] that the burden of proof is on the party alleging counsel was ineffective to show that (1) counsel's performance was deficient under an objective standard of reasonableness; and (2) there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceedings would have been different. *Miller*, 194 W.Va. 3, 459 S.E.2d 114 (1995). Further, as our highest state court explained in syllabus point five of *Daniel v. Legursky*, 195 W.Va. 314, 465 S.E.2d 416 (1995), a court need not addressed both prongs of the ineffective assistance standard set forth in *Strickland* and *Miller* but may dispose of such a claim based solely on petitioner's failure to satisfy either prong of the test. The Court will now apply those aforesaid principles to the present case.

As delineated above, with respect to the first *Strickland* prong a court is charged with determining whether counsel's performance was deficient under an objective standard of reasonableness. To that end, the *Miller* Court reasoned that

> [I]n reviewing counsel's performance, courts must apply an objective standard and determine whether, *in light of all the circumstances, the identified acts or omissions were outside the broad range of professionally competent assistance while at the same time refraining from engaging in hindsight or a second-guessing of trial counsel's strategic decisions.* Thus, a reviewing court asks whether a reasonable lawyer would have acted, under the circumstances, as defense counsel acted in the case at issue.

Syl. Pt. 6, *Miller*, 194 W.Va. 3, 459 S.E.2d 114 (1995). (emphasis added). Further, the breadth of this prong was also discussed in *Strickland* wherein our highest tribunal opined

---

[2] *Strickland V. Washington*, 466 U.S. 668, 104 S. Ct. 2052, 80 L.Ed.2d 674 (1984).
[3] *State v. Miller*, 194 W.Va. 3, 459 S.E.2d 114 (1995).

that a reviewing court "must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." 466 U.S. at 694, S.Ct. at 2068, 80 L.Ed.2d at 698.

Thus in the case *sub judice*, the petitioner urges this Court to find that Mr. Duffy's alleged failure to adequately meet with the petitioner, investigate the case, and failure to provide meaningful representation and assistance in preparing a defense for trial amounts to conduct that is deficient when viewed under an objective standard of reasonableness. However, having afforded a plenary review of the record and applicable law, this Court is of the opinion that in light of all the circumstances, Mr. Duffy did not fail to act in a manner inconsistent with that of a reasonable criminal defense attorney under the circumstances of this case.

Although, this Court is troubled by the State's failure to present any evidence in this matter, and the Court will accept, except where the trial record in the underlying case is contradictory to the petitioner's testimony, the testimony of the petitioner as true and for the reasons more fully developed below, the petitioner's claim for ineffective assistance of counsel is denied.

With respect to petitioner's first argument that Mr. Duffy failed to meet with him, in addition to failed to investigate his case the Court finds the support for this contention lacking. First, the petitioner alleges Mr. Duffy failed to reasonably meet with him throughout the pendency of this case; however, this assertion is clearly controverted by the petitioner's own testimony wherein he estimated Mr. Duffy met with him between twelve (12) and fourteen (14) times between his preliminary hearing and jury trial. The Court finds this level of contact between Mr. Duffy and his client to be more than reasonable. Simply put, based

on the evidence adduced there is nothing objectively unreasonable about Mr. Duffy's actions in this regard and therefore, this contention fails to meet the first prong of *Strickland*.

In addition, the petitioner posits that by continuously presenting plea offers from the State of West Virginia to his client, Mr. Duffy failed to adhere to an objectively reasonable standard of conduct and therefore, was ultimately ineffective. Again, this Court disagrees. In *Becton v. Hun*, the West Virginia Supreme Court of Appeals held that the objective standards of professional conduct require a criminal defense attorney, absent extenuating circumstances, to communicate any and all plea bargain offers made by the prosecution. Further, the failure of a criminal defense attorney to do so constitutes ineffective assistance of counsel. Syl. Pt. 3, *Benton*, 205 W.Va. 139, 516 S.E.2d 762 (1999). Applying this rule of law to the present case, this Court finds that Mr. Duffy adhered to his professional standards of conduct by communicating to the petitioner any and all plea offers made by the prosecution in the criminal case. By the petitioner's own testimony there were at least four (4) different plea offers made, including two offers which would have resulted in the petitioner pleading to only one count of the multiple count indictment returned against him; however, the petitioner testified he chose to reject each of those, despite Mr. Duffy's advice. The Court is of the opinion that not only did Mr. Duffy comply with the law as pronounced in *Benton* but that his conduct was nothing less than objectively reasonable. Thus, petitioner's argument again falls short of the first *Strickland* prong.

The next basis set forth by the petitioner is that Mr. Duffy failed to disclose the State's discovery with him and that he also failed to properly investigate the case. The Court finds this argument's merit lacking. First, by the petitioner's own testimony, Mr. Duffy met with his client numerous times, communicated plea agreements and went over the statement

the petitioner had given to law enforcement on more than once occasion. In addition, in light of all the circumstances, this Court cannot say Mr. Duffy failed to investigate the criminal case. Not only did Mr. Duffy meet with his client on more than ten occasions, he, by the petitioner's own acknowledgment went over plea offers and the statement given to law enforcement that was provided in discovery. Moreover, based on the petitioner's representations, Mr. Duffy continuously advised his client that the plea offer(s) from the prosecution were in his best interest and such advise could only be made after having reviewed and weighed the facts and circumstances of the case and any defenses, if any that may or may not be available. As such, based on these factors, there is no evidence to show Mr. Duffy's conduct did not conform to that of a reasonable criminal defense attorney under the facts and circumstances of this case. Because, the petitioner has failed to show Mr. Duffy's conduct was deficient under an objective standard of reasonableness in regard to this argument, as a matter of law, the petitioner's claim must be denied.

Taking the analysis one step further, assuming *arguendo*, that the petitioner's contentions with respect to discovery and his counsel's failure to disclose and/or discuss the same with him in a timely manner, were true, the petitioner still fails to meet the second prong under *Strickland/Miller*. To put it another way, under the standard set forth in *Strickland/Miller*, the petitioner is not only charged with showing his or her attorney's deficient performance, but the he or she must further demonstrate that the complained of deficiency resulted in prejudice or as delineated in *Strickland/Miller* "a reasonable probability" that, but for Mr. Duffy's unprofessional errors, the result of the proceedings would have been different and was fundamentally unfair or unreliable. *Legursky*, 195 W.Va. 314, 325; 465 S.E.2d 416, 427 (1995). The Court also finds guidance from the direction

given by the West Virginia Supreme Court of Appeals in *Rusen v. Hill* wherein it was stated that determining prejudice with respect to non-disclosure of discovery invokes a two-part test: "'(1) did the non-disclosure surprise the defendant on a material fact, and (2) did it hamper the preparation and presentation of the defendant's case.'" 193 W.Va. 133,139; 454 S.E.2d 427, 433 (1994), quoting *Miller, supra.* 178 W.Va. 618, 624, 363 S.E.2d 504, 510 (1987).

To this extent, based on the totality of the circumstances, the Court finds that the petitioner has once again failed to carry his burden in this regard. The only evidence provided on this issue during the omnibus hearing the petitioner's limited statement on the subject during his testimony. No substantial evidence was adduced by the petitioner in this regard to support this argument or to establish how he may have been prejudiced by the deficiencies in discovery alleged against Mr. Duffy. In fact, the petitioner's scant testimony on this issue continuously referred in ambiguity to the term "discovery" and failed to elaborate or identify any specific material fact that Mr. Duffy failed to disclose to the petitioner that subsequently resulted in undue surprise or hampered the preparation and presentation of the petitioner's case at trial. Simply put, the brevity of the testimony given by petitioner on this issue, alone, without more, falls inexorably short of reaching the evidentiary burden required of the petitioner in this case. Accordingly, the petitioner's writ for habeas corpus relief on this argument must be denied as a matter of law.

The second argument advanced by the petitioner is that Mr. Duffy failed to afford him adequate counsel in preparing a defense for trial. With respect to this claim by the petitioner, the Court again finds this argument insufficient to surmount the first prong of *Strickland* and therefore the petitioner's claim for post-conviction habeas corpus relief must be denied as a

matter of law. In support of his position, the petitioner first asserts that Mr. Duffy left the decision of whether to take the stand in his own defense up to him and therefore, failed to properly advise him of his rights. The Court finds the record of this case paints a clearly different picture. In fact, the record reflects that a review of the trial transcript reveals that the Court duly advised the petitioner, outside the presence of the jury, of his right to remain silent, as well as his right to testify on his own behalf. Further, after the Court finished informing the petitioner of those rights, the Court took a recess to allow Mr. Duffy and the petitioner to confer, after which the record reflects the petitioner chose not to testify. (See Trial Transcript pp. 182-183). In this respect, the Court is of the opinion there is no ineffective assistance in this regard. The facts are quite clear, the petitioner was advised of his rights, given the opportunity to confer with counsel, and after doing so chose not to testify. The petitioner was fully aware of his rights in this regard and made a knowing and intelligent choice to testify. There is nothing in the series of events on this issue that remotely appear objectively unreasonable and thus, the Court finds the petitioner has failed to meet the first *Strickland* prong in with this argument.

Next, the petitioner argues that he did not participate in the jury selection process. The Court recognizes that a defendant has a constitutional right to be present during jury selection. *State v. Hamilton*, 184 W.Va. 722, 403 S.E.2d 739 (1991). However, upon a review of the record, the Court finds the petitioner's argument that he did not participate to be unfounded. Jury selection occurred on the day of trial, where the petitioner was present with counsel. A review of the trial transcript illustrates an extensive jury selection process which included individual *voir dire* of multiple members of the jury panel. Further, the transcript illustrates members of the panel were struck for cause on motion of both Mr. Duffy

and the prosecution. Finally, the record indicates the parties were given ample time to consider their respective strikes of the twenty member jury panel in order to reduce it to twelve to try the cause. (See Charles ___ Trial Transcript pp. 31-86). Nothing in the record indicates with respect to this issue illustrates error on part of Mr. Duffy with respect to the petitioner's involvement in the jury selection process. Namely, the defendant was present throughout the extensive jury selection process and had the opportunity to confer with counsel regarding the jury panel. As such, the Court finds Mr. Duffy actions were the same of a reasonable criminal defense attorney under similar circumstances and therefore, fails to meet the first prong of *Strickland*.

In a final effort to support his claim of ineffective assistance of counsel, the petitioner alleges that Mr. Duffy's failure to petition the Court for funds to hire an expert for an individual sex offender evaluation amounts to ineffective assistance of counsel. On this issue, petitioner testified that Mr. Duffy informed the petitioner it was bad trial strategy and shouldn't be pursued. The Court finds this merely to be decision made by Mr. Duffy as part of his trial strategy. As previously noted above, the *Miller* Court has previously stated that when reviewing a claim for ineffective assistance of counsel, a court must refrain from engaging in hindsight or second-guessing of trial counsel's strategic decision. *Miller*, 194 W.Va. 3, 459 S.E.2d 114 (1995). In this respect, the Court does not find such a decision by Mr. Duffy to be objectively unreasonable under the circumstances. It is clear that based on his investigation of the facts and circumstances of the case, Mr. Duffy made the informed decision not to seek an expert on this issue for trial. Likewise, the Court finds that such a determination is not outside the realm of objectively reasonable conduct for a criminal defense attorney as part of his or her trial strategy.

Additionally, the petitioner claims he was never able to discuss his case with Mr. Duffy because his written correspondence was not always replied to. With respect to this issue, the petitioner failed to present any evidence to support this assertion such as call logs from his place of incarceration, copies of letters or returned green cards showing service or lack thereof to Mr. Duffy. Moreover, the evidence is uncontroverted that petitioner and Mr. Duffy met a minimum of twelve to fourteen times during the pendency of the underlying criminal case. As such, the Court finds no basis exists to support the petitioner's claim for ineffective assistance of counsel.

Therefore, the Court finds that under the scrutiny of *Strickland* and *Miller*, the petitioner has failed to show any deficiency in his counsel's performance and therefore cannot satisfy the first prong as enunciated in *Strickland* and *Miller*. Moreover, because both prongs are necessary to prove ineffective assistance of counsel, petitioner's claim must fail as a matter of law and is hereby, denied.

### III.   CONCLUSION

Based on the foregoing, it is accordingly **ADJUDGED** and **ORDERED** that the petitioner's petition for post-conviction habeas corpus relief be and is hereby **DENIED**. This case shall be **DISMISSED** and **STRICKEN** from the active docket of this Court.

The parties' objections and exceptions are noted by the Court.

The Clerk shall send certified copies of this Order to counsel, forthwith.

ENTERED this 14 day of December, 2015.

_____
JACK ALSOP, JUDGE

STATE OF WV
COUNTY OF GILMER, to-wit:
I, Karen Elkin, Clerk of the Circuit Court and Family Court of Gilmer County, do hereby certify that the foregoing is a true copy of an order entered in the above styled action on the 14 day of Dec, 2015.
Given under my hand and official seal this the 14 day of Dec, 2015.

_____
Clerk of the Circuit Court

By _____
Deputy Circuit Court Clerk

Page 12 of 12