**STATE OF WEST VIRGINIA**

**Office of Lawyer Disciplinary Counsel, Petitioner**

**v.) No. 23-619**

**James W. Keenan, a member of the West Virginia State Bar, Respondent**

**FILED**

**May 9, 2024**

**released at 3:00 p.m.**
C. CASEY FORBES, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

## MEMORANDUM DECISION

On October 26, 2023, Petitioner, the Office of Disciplinary Council ("ODC"), by counsel Rachel L. Fletcher Cipoletti and Kristin P. Halkias, filed an emergency petition pursuant to Rule 3.27 of the West Virginia Rules of Lawyer Disciplinary Procedure seeking immediate and indefinite suspension of Respondent James W. Keenan's law license and appointment of a trustee to protect the interests of his clients. At that time, separate disciplinary charges were already pending before this Court against Mr. Keenan. On November 14, 2023, after ODC filed the emergency petition relating to new charges, this Court suspended Mr. Keenan's law license for six months based on the earlier disciplinary charges. In connection with that suspension, we authorized the Chief Judge of the Circuit Court of Fayette County to appoint an attorney to serve as trustee to protect the interests of Mr. Keenan's clients, pursuant to Rule 3.29 of the Rules.[1] Because he is currently suspended, Mr. Keenan, by counsel Joseph M. Farrell, Jr., argues that Mr. Keenan does not pose a substantial threat of irreparable harm to the public and urges the Court to refuse the emergency petition.

Upon review, we find that a memorandum decision refusing ODC's petition is appropriate under Rule 21 of the West Virginia Rules of Appellate Procedure. *See* W. Va. R. App. P. 21. Mr. Keenan is currently suspended from the practice of law and he may only be reinstated upon petition to this Court after the expiration of his suspension. Therefore, we decline to grant an extraordinary emergency petition under Rule 3.27 because Mr. Keenan does not currently pose a substantial threat of irreparable harm to the public.

Although we refuse to grant the emergency petition under Rule 3.27, we note our concerns about the new allegations contained in ODC's emergency petition. We therefore begin with a review of the disciplinary proceedings which led to Mr. Keenan's current suspension and the new allegations against him. The Hearing Panel Subcommittee ("HPS") of the Lawyer Disciplinary Board ("LDB") filed a statement of charges against Mr. Keenan on June 30, 2022. HPS conducted a hearing on May 16, 2023, and found that Mr. Keenan violated Rules 1.8(j)[2] and

---

[1] Because we authorized appointment of a trustee in a previous order, we limit our discussion in this case to the emergency petition under Rule 3.27.

[2] Rule 1.8(j) provides:

1

8.4(a) and (b)[3] of the West Virginia Rules of Professional Conduct. HPS noted several aggravating factors: experience in the practice of law, a pattern of misconduct, multiple offenses,[4] vulnerability of the clients, and multiple prior disciplinary offenses.[5] HPS also noted mitigating factors: full and free disclosure to the Disciplinary Counsel, cooperation with the disciplinary proceedings, and remoteness of prior offenses.

HPS recommended a six-month suspension of Mr. Keenan's law license. ODC consented to the recommendation and filed a motion with this Court seeking imposition of this suspension. We agreed and issued an order on November 14, 2023, suspending Mr. Keenan's law license for six months, subject to reinstatement only upon petition to this Court. Approximately three weeks earlier, on October 26, 2023, ODC had filed the Rule 3.27 petition alleging new

---

> A lawyer shall not have sexual relations with a client whom the lawyer personally represents during the legal representation unless a consensual sexual relationship existed between them at the commencement of the lawyer/client relationship. For purposes of this rule, "sexual relations" means sexual intercourse or any touching of the sexual or other intimate parts of a client or causing such client to touch the sexual or other intimate parts of the lawyer for the purpose of arousing or gratifying the sexual desire of either party or as a means of abuse.

[3] Rules 8.4(a) and (b) provide:

It is professional misconduct for a lawyer to:

> (a) violate or attempt to violate the Rules of Professional Conduct, knowingly assist or induce another to do so, or do so through the acts of another;
> (b) commit a criminal act that reflects adversely on the lawyer's honesty, trustworthiness or fitness as a lawyer in other respects[.]

[4] In 2000, Mr. Keenan was charged with violating Rules 1.2(a), 1.3, 1.4(a), 1.15(b), 1.16(d), and 8.1(b) in an eight-count complaint, which resulted in a public censure for offenses related to lack of diligence and poor communication with clients. He took remedial measures, and the LDB declined to further pursue the charges. In 2001, he was admonished three times for three separate complaints. His admonishments cited his violations of Rules 1.16(d), 1.2, 1.3, 1.4(a) and (b), 3.2, 3.3(a)(1), 4.4, and 8.4(d) of the Rules of Professional Conduct. His behavior related to lack of diligence, poor communication, and reacting with inappropriate physical aggression. He took remedial measures, and the LDB declined to further pursue the charges. In 2017, Mr. Keenan was admonished by the LDB for violating Rule 3.2 of the Rules of Professional Conduct for his failure to confirm a continuance request with the court. Mr. Keenan was ordered to refund all fees and expenses to the client for work performed after a certain date.

[5] *See* Rule 9.22 (a), (c), (d), (h), and (i) of *the ABA Model Standards for Imposing Lawyer Sanctions*.

misconduct. The new allegations included criminal charges after Mr. Keenan allegedly brandished a gun and caused a disturbance at a Fayetteville ice cream parlor;[6] a report to ODC from Circuit Court Judge Ewing regarding a concerning message forwarded by Mr. Keenan to Judge Ewing and Family Court Judge England via Facebook Messenger; a report of highly offensive text messages sent to a deputy chief probation officer; Mr. Keenan's alleged failure to attend a properly noticed hearing, resulting in a motion granted in favor of the opposing party; and a recent admonishment by the Investigative Panel for the LDB against Mr. Keenan for threats to opposing counsel.

Our standard of review in lawyer disciplinary matters is well settled. We have recognized that "'[t]his Court is the final arbiter of legal ethics problems and must make the ultimate decisions about public reprimands, suspensions[,] or annulments of attorneys' licenses to practice law.' Syllabus point 3, *Committee on Legal Ethics v. Blair*, 174 W. Va. 494, 327 S.E.2d 671 (1984)." Syl. Pt. 2, *LDB. v. Cain*, 245 W. Va. 693, 695, 865 S.E.2d 95, 97 (2021).[7] With this background to guide us, we proceed to consider the parties' arguments.

The pressing issue before us is whether the relief sought in ODC's emergency petition, namely immediate suspension pursuant to Rule 3.27 of the West Virginia Rules for Lawyer Disciplinary Procedure, is warranted in light of Mr. Keenan's current suspension. We begin our analysis with a review of Rule 3.27. It provides, in relevant part,

> (a) Upon receipt of sufficient evidence demonstrating that a lawyer (1) has committed a violation of the Rules of Professional Conduct or is under a disability and (2) poses a substantial threat of irreparable harm to the public, the Office of Disciplinary Counsel shall conduct an immediate investigation.

> (b) Upon competition of such an investigation, the [ODC] shall promptly file a report with the Supreme Court of Appeals indicating whether, in the opinion of the Disciplinary Counsel,

---

[6] The charges are still pending in Fayette County Magistrate Court. ODC opened an investigation into the matter on August 10, 2023, which remains open but stayed pending resolution of the criminal proceeding.

[7] In syllabus point three of *Committee on Legal Ethics v. McCorkle*, 192 W. Va. 286, 289, 452 S.E.2d 377, 380 (1994), this Court held:

> A *de novo* standard applies to a review of the adjudicatory record made before the Committee on Legal Ethics of the West Virginia State Bar [currently, the Hearing Panel Subcommittee of the Lawyer Disciplinary Board] as to questions of law, questions of application of the law to the facts, and questions of appropriate sanctions; this Court gives respectful consideration to the Committee's recommendations while ultimately exercising its own independent judgment. On the other hand, substantial deference is given to the Committee's findings of fact, unless such findings are not supported by reliable, probative, and substantial evidence on the whole record.

the lawyer's commission of a violation of the Rules of Professional conduct or disability poses a substantial threat of irreparable harm to the public. The [ODC] shall attempt to provide reasonable notice to the lawyer prior to the filing of this report.

W. Va. R. Law. Disci. Proc. 3.27.

Emergency petitions pursuant to Rule 3.27 should be utilized in the "most extreme cases of lawyer misconduct." Syl. Pt. 1, *in part*, *ODC v. Battistelli*, 193 W. Va. 629, 630, 457 S.E.2d 652, 653 (1995). Additionally, we have held that "[g]iven the practical difficulty of providing specific guidance on the instances where temporary suspension is appropriate, the Court will apply the two-part standard in West Virginia Rule of Lawyer Disciplinary Procedure 3.27 to each petition on a case-by-case basis." Syl. Pt. 4, *Battistelli*, 193 W. Va. 629, 630, 457 S.E.2d 652, 653. The two-part standard in Rule 3.27 requires us to examine (1) whether there is sufficient evidence that Mr. Keenan committed a violation of the Rules of Professional Conduct,[8] and (2) whether Mr. Kennan poses a substantial threat of irreparable harm to the public.[9] As explained below, we find that because Mr. Kennan's license to practice law has already been suspended, and he must apply for reinstatement in order to have it restored, Mr. Keenan does not pose "a substantial threat of irreparable harm to the public" under Rule 3.27(b).

Rule 3.27 permits ODC to accelerate its standard procedure in lawyer discipline cases when a lawyer's misconduct poses such an immediate risk of irreparable harm that it necessitates immediate cessation of the lawyer's ability to practice law. Absent an immediate risk, the standard disciplinary procedure is sufficient to adequately address lawyer misconduct, including extreme misconduct. Indeed, our research has revealed that, on the rare occasions where we granted a Rule 3.27 petition, the lawyers' licenses had not yet been suspended and we found it necessary to grant the emergency petitions and suspend their licenses, in the interest of protecting the public from irreparable harm. *See Battistelli*, 193 W. Va. 629 at 632, 457 S.E.2d at 655; *Office of Disciplinary Counsel v. Morgan*, 242 W. Va. 667, 839 S.E.2d 145 (2020) (ODC sought Rule 3.27 immediate suspensions of lawyers whose misconduct continued after Statements of Charges were filed against them but before HPS concluded its investigations or conducted hearings). ODC's argument that Mr. Keenan's misconduct is so severe that it justifies suspension under Rule 3.27 fails to illustrate how his conduct poses a substantial threat of irreparable harm to the public when his law license is already suspended. While the allegations against Mr. Keenan indicate a

---

[8] Because we determine under prong (2) that Mr. Keenan does not pose a substantial threat of irreparable harm to the public, we limit our discussion to that analysis.

[9] *See Battistelli*, 193 W.Va. at 636–37, 457 S.E.2d at 659-60 ("Accordingly, we will examine the instant Petition to determine whether there is sufficient evidence to conclude that the Respondent (1) has committed a violation of the Rules of Professional Conduct, and (2) poses a substantial threat of irreparable harm to the public.") (footnote omitted); *Office of Disciplinary Counsel v. Duffy*, 237 W. Va. 295, 299, 787 S.E.2d 566, 570 (2016) ("This Court will examine the Petition's allegations and the parties' documentation and assess whether there is sufficient evidence to initially demonstrate the lawyer violated our Rules of Professional Conduct or is under a disability such that he/she poses a substantial threat of irreparable harm to the public.").

concerning escalation in misconduct, his current suspension curtails his ability to cause imminent or irreparable harm through the practice of law. The standard procedure established to address lawyer discipline suffices to address his behavior. Indeed, ODC can investigate the new allegations against Mr. Keenan and, if warranted, bring charges against him at any time. Even if we granted this petition, it would simply trigger the standard disciplinary process of conducting an investigation and holding a hearing before HPS. *See* W. Va. R. Law. Disci. Proc. 3.27(d) ("A hearing on formal charges against the suspended lawyer shall be conducted by a [HPS], unless continued for good cause shown, within ninety days after the effective date of suspension."). Additionally, ODC can bring any concerns alleged in its emergency petition to this Court's attention if Mr. Keenan petitions this Court for reinstatement upon expiration of his current suspension.

We do not intend our denial of the current petition to be deemed critical of ODC's action in filing a petition for immediate suspension of Mr. Keenan's license to practice law. Indeed, when such petition was filed, we had not yet suspended Mr. Keenan's license. In addition, our denial of ODC's motion should not be viewed as a reflection of the seriousness of Mr. Kennan's conduct, nor should it be seen as a finding that such conduct would not otherwise pose a substantial threat of irreparable harm to the public if his license to practice law had not already been suspended. Instead, it is merely an acknowledgement that, under the specific facts before us, we can identify no way that the requested relief would protect the public from harm in a manner not already accomplished by his current suspension.

Accordingly, because we find that Mr. Keenan does not pose "a substantial threat of irreparable harm to the public" that can be remedied by granting the ODC's petition under Rule 3.27(b), we refuse ODC's emergency petition.

Petition refused.

**ISSUED**: **May 9, 2024**

**CONCURRED IN BY**:

Chief Justice Tim Armstead
Justice Elizabeth D. Walker
Justice C. Haley Bunn
Judge Cindy Scott, by temporary assignment
Judge Robert A. Waters, by temporary assignment


Justice John A. Hutchison, deeming himself disqualified, did not participate
Justice William R. Wooton, deeming himself disqualified, did not participate